MANUEL BOTELHO *et al. vs.* J. H. TREDENNICK, INC.

APRIL 4, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition under the workmen's compensation act for compensation as total dependents of Joseph Botelho, who came to his death on August 14, 1937, by reason of an accident on that day admittedly arising out of his employment with the respondent. The petition which was filed with the director of labor represented that Manuel Botelho and Alexandrina Botelho, father and mother of the deceased employee, were his only total dependents. A hear-

ing was had on this petition and, on April 23, 1938, the director of labor awarded the petitioners compensation of $12 per week and $300 for funeral expenses. The respondent thereupon duly appealed to the superior court.

Alexandrina Botelho died on April 24, 1938, the day following the entry of the decision by the director of labor. When the case came up for hearing before a justice of the superior court, a motion was made by petitioners' counsel for a discontinuance of the case as to the deceased petitioner, Alexandrina Botelho, on the ground that Manuel Botelho, the surviving petitioner, was then the only person totally dependent upon the deceased. This motion was denied and the case proceeded to trial. At the close of the testimony on June 8, 1938, the trial justice found that the respondent should pay $12 a week as compensation and he apportioned this sum equally between the two petitioners, Manuel and Alexandrina B. Botelho. He further held that, upon the death of Alexandrina Botelho, the portion of the compensation award which was allowed to her was thereafter payable to no other person.

No decree having been entered on this decision by February 6, 1939, the respondent on that date filed a motion for the entry of a decree in accordance with the decision. On that same day a petition to reopen the case was filed by Manuel Botelho, as administrator of the estate of Alexandrina Botelho, and also as guardian of Arthur Botelho and James Botelho, brothers of the deceased employee, both of whom were minors at the time of his death. After a hearing on this petition before the same justice, the respondent's motion for the entry of a decree on the decision of June 8, 1938, was denied, and the prayer of the petitioners was granted.

The petitioners thereafter filed an amended petition for compensation alleging that Manuel Botelho, Alexandrina Botelho, Arthur Botelho and James Botelho were all wholly

dependent upon the deceased at the time of his death on August 14, 1937. This amended petition was also heard by the same justice. On May 3, 1939, he filed a written decision in which his findings as to Manuel and Alexandrina Botelho were the same as in his decision of June 8, 1938. He further found as a fact that James and Arthur Botelho were not wholly dependent upon the deceased at the time of his death. A final decree was entered on May 12, 1939, in accordance with this decision. The petitioners then appealed to this court.

The respondent raises no question as to the total dependency of Manuel and Alexandrina Botelho; nor does it question the order of the trial justice fixing compensation at $12 a week and then apportioning that sum equally between these two dependents. It also admits that, under our recent decision in *McGuinness* v. *Cornell Construction Co.*, 62 R. I. 382, 6 A. 2d. 461, James Botelho and Arthur Botelho, who were twenty and seventeen years old respectively, and living with their father and mother at the time of their brother's death, might reasonably be classed as members of the deceased's family for the purpose of determining as a matter of fact whether they were actually and wholly dependent upon the deceased at that time. In this situation, we will confine ourselves to a summary of the facts relating to the alleged dependency of James and Arthur Botelho.

By agreement of the parties the testimony at the first hearing of this case on its merits was made a part of the record now before us. The testimony at that time, in brief, was that the deceased turned over substantially all his earnings to his father, who used those earnings for family expenses, including the payment of mortgage and other charges on a small house where the family lived. The object of this testimony was to prove that Manuel and Alexandrina Botelho, and they alone, were the persons wholly dependent upon the deceased at the time of his death.

At the second hearing, following the reopening of the case, the only witnesses to testify were James and Arthur Botelho. Their testimony, in substance, is that they were in good health, able and willing to work; that, some months before their brother died, they had been employed for a few weeks, but were unemployed at the time of his death; and that, when they worked, they turned over their earnings to their father. In direct examination, James Botelho, the oldest of these two brothers, testified as follows: "Q. And as I understand he (the deceased) told you so long as you couldn't find work he was willing to support you? A. Yes, sir." This was substantially all the testimony in support of the brothers' claim that they were wholly dependent for support upon the deceased at the time of his death.

This is not a case of persons who are conclusively deemed to be dependent by the workmen's compensation act. The pertinent provisions of the act applicable to this case and in force on August 14, 1937, when Joseph Botelho was injured, were not changed by our revised statutes of 1938. They are as follows. G. L. 1938, chap. 300, art. II § 7 (c), first sets forth the classes of persons who are conclusively deemed to be dependent, and then provides: "In all other cases questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury." Article III, § 6 of that same chapter provides that, in the absence of fraud, the findings of fact by a trial justice shall be conclusive.

The petitioners contend that, in the instant case, the trial justice "on the uncontradicted evidence produced, must make a finding that the minor brothers, petitioners herein, were wholly dependent upon the deceased's wages for their support", and that in failing to do so he committed an error of law, which is reviewable by this court. In other words, their contention is that his finding is without legal evidence, and therefore not within the meaning of art. III, § 6 of the

statute. We do not agree with this contention. While this court has consistently held that the workmen's compensation act is a remedial statute, to be liberally construed, it has also repeatedly said that the burden of proof is upon the person seeking relief under the act, and that such person must sustain that burden by credible evidence of probative force. *Silva* v. *Bristol & Warren Water Works,* 55 R. I. 337, 339; *Corria* v. *Fink Bros.,* 45 R. I. 80.

Except as otherwise provided in the act, the question of dependency is one of fact. Even though testimony on that issue be not directly contradicted by other testimony, its credibility and weight is still a matter for judicial determination. The conclusion reasonably warranted by such testimony depends largely upon the inferences that may properly be drawn therefrom in the light of all the surrounding circumstances, including inconsistency of claim or position in the travel of the case. The testimony in the instant case was of that character and called for a fair appraisal of its value as evidence by the trial justice. From the record before us, we cannot say that the finding of the trial justice was without legal evidence, as the petitioners contend. No question of fraud being involved, his finding on this point is conclusive.

The petitioners next contend that upon the death of Alexandrina Botelho her administrator became entitled to receive, for the remainder of the compensation period, the six dollars a week that was allotted to her by the trial justice. This contention is without merit, being clearly denied by the decision of this court in *Duffney* v. *A. F. Morse Lumber Co.,* 42 R. I. 260.

The petitioners further argue that the compensation award of $12 a week constituted a fund to be apportioned among and paid to the various total dependents during the compensation period; and that if all but one of such dependents died or were otherwise eliminated from that class

before the expiration of such period, then the survivor was entitled to receive the entire sum of $12 for the remainder of that period. The conclusion they draw under this contention is that, upon the death of Alexandrina Botelho, her husband, Manuel Botelho, became entitled to receive as compensation the entire sum of $12 a week.

No such claim was made in the superior court at the hearing on the amended petition, and the case was not there tried on any such theory. The record of that hearing now before us is silent on this point. In the circumstances, we decline, without prejudice to the parties, to consider and decide the question raised by the above-stated contention.

The appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*John DiLibero,* for petitioners.

*Clifford A. Kingsley, Francis V. Reynolds, Hailes L. Palmer,* for respondent.