MERRIMAN R. BARNES *vs.* KAISER ALUMINUM & CHEMICAL CORPORATION.

OCTOBER 28, 1963.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an employee's petition to review a preliminary agreement. It is here on the employee's appeal from a decree of the workmen's compensation com-

mission which affirmed a decree entered by the trial commissioner denying and dismissing the petition.

After considering all the evidence, which consisted of testimony by petitioner and his attending physician, Dr. Vincent J. Zecchino, and the report of an impartial medical examiner, Dr. G. Edward Crane, the trial commissioner concluded that the case called for negative findings as follows:

"1. The petitioner has failed to prove that on and after July 5, 1961 he was unable to do the work of a 'closing machine operator' on account of the effects of the sprain-right shoulder muscle he sustained on November 17, 1960.

"2. The petitioner has failed to prove that his incapacity for work in whole or in part returned on and after July 5, 1961 on account of the effects of the sprain of his right shoulder muscle.

"3. Petitioner has failed to prove that he was incapacitated for work on and after July 5, 1961 on account of the return of the effects of the injury set out in such preliminary agreement, being reviewed by me."

In support of his appeal petitioner contends that there is no legal evidence upon which to base those findings. Upon consideration of the transcript we are of the opinion that this contention is without merit. When Dr. Crane examined petitioner he found no objective signs of injury to his neck and shoulder and no evidence of disability. He further stated that he believed petitioner would have been working if work was available at that time.

It is true that on the other hand Dr. Zecchino testified petitioner was disabled and that petitioner himself also testified to the same effect. However, the trial commissioner did not credit petitioner's testimony because he felt that petitioner was exaggerating. He also indicated in his decision that Dr. Zecchino's testimony did not convince him that petitioner was disabled after July 5, 1961 as a result of the effects of the "sprain right shoulder muscle" alleged

in the petition to be the nature and location of petitioner's injury.

A reading of Dr. Zecchino's testimony left us with some doubt as to whether it related to such injury. He described the injury as a "partial tear of the trapezius muscle," but when asked by the commissioner if this term could be used interchangeably with the term described in the petition he replied, "They can't be used interchangeably."

In the circumstances we cannot say that the commissioner was in error in not giving Dr. Zecchino's testimony the degree of probative value contended for by the petitioner. Since it was fairly open to the commissioner's evaluation he was not bound to consider it was unimpeached and undisputed. *Barbieri* v. *E. M. Young Co.*, 82 R. I. 382. Nor can we say that he erred in treating Dr. Crane's report as some evidence that the petitioner was able to work on July 5, 1961. Whether such evidence was weak and whether Dr. Zecchino's testimony was more credible are matters concerning which we are precluded from considering since the statute expressly provides that the commission's findings of fact shall be final. *Guilherme* v. *Olney & Payne Bros., Inc.*, 87 R. I. 62.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Abedon, Michaelson and Stanzler, Raul L. Lovett,* for petitioner.

*Francis V. Reynolds, Bernard W. Boyer,* for respondent.