MICHAEL LONARDO *d.b.a.* MICHAEL LONARDO GENERAL PAINTING CONTRACTOR *vs.* ALBERT PALMISCIANO.

JANUARY 31, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

JOSLIN, J. This is an action of assumpsit to recover the sum of $335 allegedly due the plaintiff under an oral contract with the defendant. It was heard in the superior court by a justice thereof sitting without a jury, who rendered a decision for the plaintiff in the amount of $300. Thereafter the defendant duly prosecuted his bill of exceptions to this

court. Since he has briefed and argued only his exception to the decision his other exceptions are deemed to be waived.

A brief outline of the testimony, much of which is not in conflict, will suffice for our purposes. The plaintiff orally agreed with defendant to do certain interior and exterior painting on the latter's dwelling. All that is here in issue is so much of that agreement as required plaintiff to lacquer the interior wood trim for a price of $300 which defendant agreed to pay.

The plaintiff's testimony in substance is that he agreed to do a reasonably good and not a perfect job, a perfect job being impossible because of the condition of the wood to be finished. He further testified that he lacquered a portion of the trim for defendant's approval, received it and completed the remainder of the work; and that thereafter defendant advised him "that it was okay. That's what he wanted."

The defendant, on the other hand, testified that the work done by plaintiff was not in accord with the agreement between the parties, and that the finish on the woodwork was of a different shade and lustre from what appeared on samples prepared for his approval by plaintiff prior to the lacquering of any of the woodwork. He further testified that he did not approve plaintiff's work after the completion of the job. In substance, his version is that he did not receive what he bargained for.

The case was tried on the theory that the performance of the contract by plaintiff had been completed and that nothing remained to be done thereunder except the payment of the agreed price by defendant.

We have carefully examined the record to ascertain whether there is merit in defendant's contention that the evidence does not support the finding of the trial justice that plaintiff had fully performed his undertakings. In such circumstances where the evidence is sharply conflicting

and turns on the issue of the credibility of the parties, the findings of the trial justice are entitled to great weight on review by this court. *Vitullo* v. *Ambrosino,* 78 R. I. 354. He concluded that plaintiff had performed in a workmanlike manner and had done all that was required of him to be done under the contract. We cannot say that such conclusion was clearly wrong or failed to do justice between the parties. There was competent evidence in support thereof and no contention is made that in the posture in which the case was considered the correct rule of law was not applied. In accordance with our well-established rule, therefore, his decision should stand. *Levy* v. *Equitable Fire & Marine Ins. Co.,* 88 R. I. 252.

Having so found, there is no necessity for us to consider the defendant's contention that the trial justice incorrectly applied the rules pertaining to the doctrine of substantial performance in building contracts.

All of the defendant's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the decision.

*John A. DeSano,* for plaintiff.

*Anthony A. Giannini,* for defendant.