314 A.2d 428.

Doris Boudreau *vs.* R. J. Mfg. Co., Inc.

FEBRUARY 8, 1974.

Present: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is an employee's appeal from a decree of the full Workmen's Compensation Commission affirming the decree of the trial commissioner denying and dismissing her petition to review a consent decree awarding her partial compensation.

The record establishes that on June 23, 1968, petitioner sustained an injury to her right arm while in the employ of respondent, R. J. Mfg. Co., Inc. A consent decree was entered on May 2, 1969, under the terms of which petitioner received partial compensation from September 14, 1968, until February 18, 1970, at which time compensation was suspended because petitioner had returned to work.

When petitioner resumed employment in February 1970, she was hired by the American Tourister Company (American Tourister) and she remained so employed until August 6, 1970, when she left her job because of the condition of her arm. The petitioner thereupon brought the instant petition to review the provisions of the consent decree of May 2, 1969, alleging that her incapacity for work on and after August 6, 1970, was due to a recurrence of the injury of June 23, 1968.

The petitioner testified before the trial commissioner that her duties at American Tourister consisted of installing lining in suitcases. She stated that she was required to use a hand stapler five times on each suitcase, and that she processed approximately 25 suitcases during each hour of employment. She further testified that she had pain in her right arm when she commenced employment with American Tourister, and that at the time of the hearing before the trial commissioner her condition was the same as it was immediately before she assumed employment at American Tourister.

Doctor Henry Litchman, an orthopedic surgeon, testified that in his opinion petitioner's incapacity returned because of her excessive activities at her employment with American Tourister.

Doctor Joseph Izzi, also an orthopedic surgeon, testified that he examined petitioner on May 19, 1971, and his diagnosis was that petitioner had a right lateral epicondylitis and right radial bursitis which was a recurrence of the injury of June 23, 1968, and directly related to that injury. On cross-examination, however, Dr. Izzi stated that the use of a stapler by petitioner in her work for American Tourister produced an increase of symptoms to the point that she was incapacitated for work.

The trial commissioner entered a decree on February 3, 1972, wherein he found,

"That any incapacity of the petitioner, total or partial, subsequent to August 6, 1970, was in no way due to, connected with, or flowed from the original injury of the petitioner of June 23, 1968."

The decree of the trial commissioner was affirmed by the full commission on August 1, 1972, with the additional finding,

"The petitioner failed to prove that her incapacity for work, if any, beginning August 6, 1970 increased or returned due to the effects and consequences of the injury to such right arm sustained on June 23, 1968, as recited in the decree dated May 2, 1969."

The petitioner contends that the decree of the full commission is against the law and the evidence. She points to her testimony that when she commenced work for American Tourister she had pain in her right elbow and that she was receiving treatment for that pain during her employment with American Tourister. She further points out that no accident occurred at American Tourister and that her condition at the time of the hearing was the same as it was before she commenced employment at American Tourister.

The petitioner further contends that the testimony of Dr. Litchman and Dr. Izzi support her allegation that her incapacity was due to the injury of June 23, 1968.

The full commission in its decision found that petitioner's work at American Tourister required the use of a hand stapler and that there was testimony from the doctors that such activity by petitioner worsened the condition of her arm, and that such work aggravated the condition which existed in her arm. The full commission concluded that petitioner's work at American Tourister brought about an increase in her symptoms which caused her to become incapacitated for work.

The only question raised by the appeal is whether there is any competent legal evidence to support the decree of

the full commission. This court cannot and does not weigh the evidence in a workmen's compensation case. The Legislature has vested the fact-finding power in the Workmen's Compensation Commission. All we can do is examine the record, and decide if there is any evidence on which the commission's decree could reasonably be based. If there is such evidence, the commission's findings, absent fraud, shall not be disturbed. *Carr Fulflex, Inc.* v. *Borges*, 107 R. I. 648, 270 A.2d 87 (1970); *Dziekiewicz* v. *George Arpin & Sons, Inc.*, 105 R. I. 549, 254 A.2d 76 (1969).

The petitioner, while conceding the rule in *Carr Fulflex*, argues that there is no competent evidence in the record to support the commission's findings. On our perusal of the record, we have reached the opposite conclusion. The testimony of the orthopedic surgeon that the continued use of the stapler by petitioner caused an aggravation of the existing condition and was the cause of petitioner's incapacity is sufficient to sustain the finding of the full commission that the incapacity of petitioner was in no way due to, connected with, or flowed from the original injury of June 23, 1968.

It is well settled that in review proceedings petitioner has the burden of proving that incapacity due to injury has increased or returned. *Costa* v. *Cars, Inc.*, 100 R. I. 682, 219 A.2d 122 (1966); *Gray* v. *Kagan*, 87 R. I. 264, 140 A.2d 269 (1958). Here, the commission found that the petitioner failed to prove that her incapacity had increased or returned as a result of the injury of June 23, 1968. We find no error in that finding.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission.

*Lovett and Linder, Ltd., Stephen G. Linder, Edward E. Dillon, Jr.,* for petitioner.

*Abatuno & Chisholm, Vincent J. Chisholm, David H. Leach,* for respondent.