368 A.2d 1189.
DORIS BOUDREAU *vs.* AMERICAN LUGGAGE WORKS, INC.

FEBRUARY 9, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. This is an employee's original petition for compensation benefits. The petition alleges that the petitioner has been totally incapacitated for work since August 7, 1970, as a result of the peculiar characteristics of her employment with the respondent, American Luggage Works, Inc. The trial commissioner based his denial of the petition on the grounds (1) that it was barred by the applicable statute of limitations and (2) that in applying for employment with the respondent she had made certain false representations about her physical condition. The petitioner appealed to the full commission and after a hearing thereon the full commission entered a decree affirming the findings and orders of the trial commissioner. From that decree the petitioner is prosecuting the instant appeal.

This case has a long history, a brief discussion of which may be helpful to an understanding and resolution of the present appeal. The petitioner was originally injured on June 23, 1968, when she sustained an injury to her right arm while employed by R.J. Mfg. Co., Inc.

The condition of that arm resulted in five separate workmen's compensation proceedings, beginning on February 3, 1969, when petitioner filed an original petition in a proceeding entitled *Doris Boudreau v. R.J. Mfg. Co., Inc.,* W.C.C. No. 69-0148. On May 2, 1969, a consent decree was entered in that case awarding benefits for total and partial incapacity commencing June 24, 1968.

Another proceeding was brought on November 13, 1969, when R.J. Mfg. Co., Inc. filed a petition to review under the caption *R.J. Manufacturing Co., Inc.* v. *Doris Boudreau,* W.C.C. No. 69-1464. On February 19, 1970, a decree was entered in that proceeding authorizing the employer to suspend further payment of compensation benefits on the basis of the trial commissioner's finding that the employee was no longer incapacitated either in whole or in part. No appeal was taken.

On September 22, 1970, the third proceeding was commenced. This time petitioner filed an original petition for compensation benefits against respondent American Luggage Works, Inc., with whom she had commenced employment on February 18, 1970. The petition alleges that she had been incapacitated since August 7, 1970, as a result of an injury to her right hand on August 6, 1970, which she attributed to constant use of right wrist, hand and arm. The docket entries show that this petition was heard on November 9, 1970, continued twice and then withdrawn on March 1, 1971.

On February 26, 1971, 3 days before the petition against American Luggage was withdrawn, petitioner filed an employee's petition to review the February 19, 1970 decree suspending payments previously ordered in the May 2, 1969 consent decree. This petition, entitled *Doris Boudreau* v. *R.J. Mfg. Co., Inc.,* W.C.C. No. 71-0282, alleged that petitioner's incapacity for work returned on August 6, 1970, as a result of the injury set forth in the original consent decree.

At the hearings before the trial commissioner on this petition, W.C.C. No. 71-0282, Dr. Henry M. Litchman, an orthopedic surgeon, stated that in his opinion the work at American Luggage was not good for her and that it brought on an aggravation of her previous injury. At the same hearing Dr. Joseph Izzi, after stating in direct examination

that the incapacity he found on May 19, 1971 was related to the original injury in June 1968, indicated on cross-examination that perhaps her incapacity was due to an aggravation of a preexisting condition brought on by her work at American Luggage. The record also includes a report by Dr. Stanley D. Simon which indicates that petitioner did, in fact, have an increase in symptoms while working for American Luggage.

In his decision the trial commissioner stated that he was inclined to agree with Dr. Izzi's opinion as stated in cross-examination "that this would have to be considered an aggravation of her condition." On the basis of the opinions of Drs. Litchman, Izzi and Simon, the trial commissioner found as a fact "[t]hat any incapacity of the petitioner, total or partial, subsequent to August 6, 1970, was in no way due to, connected with or flowed from the original injury of the petitioner of June 23, 1968." Accordingly he denied and dismissed the petition and a decree to that effect was subsequently entered.

On appeal, the full commission affirmed the finding of the trial commissioner. It entered a new decree incorporating the finding of the trial commissioner with the additional finding that:

> "The petitioner failed to prove that her incapacity for work, if any, beginning August 6, 1970 increased or returned due to the effects and consequences of the injury to such right arm sustained on June 23, 1968 as recited in the decree dated May 2, 1969."

The petitioner appealed to this court on the ground that the full commission's decree was against the law and the evidence. We affirmed the decree entered by the full commission and, accordingly, on February 8, 1974, denied and dismissed petitioner's appeal. *Boudreau* v. *R.J. Mfg. Co.,* 112 R.I. 683, 314 A.2d 428 (1974).

On March 14, 1974, petitioner filed the instant petition for benefits against American Luggage Works, Inc. This is

her second original petition against this respondent and is entitled *Doris Boudreau* v. *American Luggage Works, Inc.*, W.C.C. No. 74-0388. In this petition she again alleges that she has been incapacitated since August 7, 1970, as the result of an injury to her right hand, but this time she alleges it was due to stapling with her right hand.

The respondent's defense before the trial commissioner was that petitioner's claim was barred by the statute of limitations, G. L. 1956 (1968 Reenactment) §28-35-57 and §28-34-7, which bars compensation to those who wilfully and falsely represent in writing that they had not previously suffered from the disease for which they seek compensation.

In his decision denying and dismissing the instant petition the trial commissioner, after discussing the travel of the prior proceedings, stated that it was clear that the instant petition was filed more than 3 years after petitioner's incapacity began as a result of her injury. He also referred to petitioner's earlier case against R.J. Mfg. Co., Inc., where Dr. Litchman testified on January 12, 1972 that petitioner was incapacitated because of her excessive activity at her employment with American Luggage. After noting that Dr. Litchman's testimony was given over 2 years prior to the filing of the instant petition, the trial commissioner noted that "[t]hat in and of itself clearly could not have but informed the petitioner that she was disabled by reason of her employment with the respondent." He then concluded that "* * * the petitioner clearly must be charged with the knowledge that her disability which began on August 7, 1970, was due to the peculiar characteristics of her employment with respondent and that she had such knowledge for more than two years before the filing of the instant petition."

On appeal by petitioner, the full commission affirmed the trial commissioner's finding that petitioner's claim was

barred by the statute of limitations and added that it was satisfied that petitioner had reason to know of her legal rights "* * * at least on two occasions, that is, upon the entry of the decree of the trial commissioner and the entry of the decree of the Full Commission, both decrees being a judicial determination of her petition." Since that conclusion was dispositive of petitioner's appeal, the full commission did not deem it necessary to discuss or consider petitioner's challenge of the trial commissioner's second finding of fact. Since we agree with the full commission's affirmance of the trial commissioner's finding that petitioner's claim was barred by the statute of limitations, we too find it unnecessary to discuss petitioner's arguments about the second finding.

Thus the only question before us is whether the commission erred in finding that petitioner's claim against the present respondent is barred by the statute of limitations, §28-35-57, which provides as follows:

"Limitation of claims for compensation.—An employee's claim for compensation under chapters 29-38, inclusive, of this title shall be barred unless an agreement or a petition, as provided in this chapter, shall be filed within two (2) years after the occurrence or manifestation of the injury or incapacity, or in case of the death of the employee, or, in the event of his physical or mental incapacity, within two (2) years after the death of the employee or the removal of such physical or mental incapacity.

"The time for filing claims shall not begin to run in cases of latent or undiscovered physical or mental impairment due to injury including disease *until (1) the person claiming benefits knew, or by exercise of reasonable diligence should have known, of the existence of such impairment and its causal relationship to his employment* or (2) after disablement, whichever is later, provided, that in any such case in which indemnity benefits have been paid, the claimant's right

to compensation is preserved without time limitation." (Empasis added.)

The petitioner contends in substance that she should not be charged with strict knowledge of which job was the actual cause of her incapacity. She claims that the statute of limitations should not have been applied against her because she did not know what caused her incapacity and did not become aware of her legal rights until this court affirmed the final decree of the Workmen's Compensation Commission in W.C.C. No. 71-0282 on February 8, 1974, by our opinion in *Boudreau v. R.J. Mfg. Co., supra.* She argues that the statute of limitations began to run at that time.

As we have indicated above, we do not agree with petitioner's arguments with respect to the statute of limitations. Section 28-35-57 was amended by P. L. 1960, ch. 94 by the addition of the second paragraph thereof which reads as follows:

"The time for filing claims shall not begin to run in cases of latent or undiscovered physical or mental impairment due to injury including disease until (1) the person claiming benefits knew, or by exercise of reasonable diligence should have known, of the existence of such impairment and its causal relationship, to his employment, or (2) after disablement, whichever is later, provided, that in any such case in which indemnity benefits have been paid, the claimant's right to compensation is preserved without time limitation."

We discussed the 1960 amendment in *Britto v. Fram Corp.*, 93 R.I. 426, 432-34, 176 A.2d 81, 84-85 (1961). In reversing the commission in that case, we noted that the Legislature clearly distinguished between the fact of disability and the causal relationship of the disability to employment. We interpreted the amendment to mean that the limitation period would not commence to run unless and until the petitioner had reasonable knowledge that the

condition from which he was suffering was causally connected with his employment. *Id.* at 434, 176 A.2d at 85.

*Rastella* v. *State of Rhode Island Dept. of Pub. Works,* 102 R.I. 123, 229 A.2d 43 (1967), where, expressing our agreement with the view taken by the Wisconsin Supreme Court, we held as follows:

> "In *Reinhold* v. *Industrial Commission,* 253 Wis. 606, 34 N.W.2d 814, the court was interpreting a Wisconsin statute which is, for all practical purposes, identical with the one under consideration in the instant case. The Wisconsin court said: 'The statute does not require absolute knowledge of this relationship but simply that the applicant know facts indicating its likelihood.' That court holds that a petitioner is not chargeable with such knowledge as the statute contemplates other than on a showing that he knew, or should have known, in all the surrounding circumstances that such a relationship was probable.

> "The statute contemplates that the two-year period of limitation will begin to run when the injured employee has knowledge both of the existence of the condition and its casual relationship to his employment. We agree with the view of the Wisconsin court that the knowledge which will thus start the two-year period running need not be absolute, but rather such as would cause a reasonable man to believe that the condition with which he is afflicted is a probable result of the injury sustained in the course of his employment." *Id.* at 126, 229 A.2d at 45.

We had an additional opportunity to consider §28-35-57 in a case involving a petition for specific compensation benefits. In *Auclair* v. *American Silk Spinning Co.,* 109 R.I. 395, 286 A.2d 253 (1972), the commission had found that the employee failed to sustain his burden of proving that he filed the petition within 2 years of the time he knew or, by exercise of reasonable diligence, should have known of the existence of his permanent disability and causal relationship with his employment as required by

§28-35-57. We held that one portion of the medical testimony was sufficient to support the finding as to when the condition became permanent and that the employee's testimony disclosed that he knew or, by the exercise of reasonable care, should have known sometime prior to filing the petition that the condition was permanent.

In adopting the 1960 amendment the Legislature contemplated an objective, rather than a subjective, standard in determining whether a record contains competent evidence to support a finding that an employee "* * * knew, or by exercise of reasonable diligence should have known, of the existence of such impairment and its causal relationship to his employment * * *." Section 28-35-57.

An examination of the record in the case at bar, in the context of the provisions of the 1960 amendment and the language of the cases wherein that provision has been discussed, discloses the existence of competent evidence to support the commission's finding that the petition against this respondent was filed more than 2 years after the incapacity and that she either knew or should have known of the causal relationship between her condition and her employment with American Luggage before that time. A lengthy discussion of such evidence would serve no useful purpose since we have already referred to the same earlier in this opinion. It will suffice at this time to merely refer to the medical evidence presented by Dr. Litchman and Dr. Izzi, in the instant proceeding as well as in the prior proceeding in *Boudreau* v. *R.J. Mfg. Co.*, W.C.C. No. 71-0282, that petitioner's condition in August 1970 was caused by her work at American Luggage. This testimony by Drs. Litchman and Izzi and the reports in evidence in W.C.C. No. 71-0282, were sufficient factors to cause a reasonable person to believe that the condition with which she was afflicted was a probable result of her employment as a stapler with respondent American Luggage. See *Boudreau*

v. *R.J. Mfg. Co., supra,* for our review of the testimony in that case. Further, petitioner's original petition against American Luggage in W.C.C. No. 71-1316 and the decrees of the trial commissioner and the full commission in W.C.C. No. 71-0282, are additional evidence to support the commission's finding in this case that petitioner either knew or by the exercise of reasonable diligence should have known of the causal relationship between her condition and her employment with respondent American Luggage.

There is nothing in the language of §28-35-57 or the cases construing that section which supports petitioner's argument that she had 2 years following the opinion of this court in *Boudreau* v. *R.J. Mfg. Co.,* 112 R.I. 683, 314 A.2d 428 (1974) to commence the instant proceeding. Nor was there anything to prevent her from trying both the 1970 petition against American Luggage Works, Inc. and the 1971 petition against R.J. Mfg. Co., Inc. together if she thought she had a possible claim against the latter. She was never required to make an election. *See Esmond Mills, Inc.* v. *American Woolen Co.,* 76 R.I. 214, 68 A.2d 920 (1949).

Since the commission's decree with respect to finding No. 1 is supported by competent evidence, its finding is conclusive in the absence of fraud and cannot be disturbed on appeal here.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the Workmen's Compensation Commission for further proceedings.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Worrell and Hodge, Eldridge H. Henning, Jr.,* for respondent.