396 A.2d 938.

WILLIAM DELAGE *vs.* IMPERIAL KNIFE COMPANY, INC.

JANUARY 18, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

DORIS, J. This is an employee's petition under the Workers' Compensation Act seeking disability compensation. After an adverse finding by a trial commissioner, the petitioner appealed to the full commission which affirmed the decree denying benefits. The case is before us on appeal from that decree.

The employee, William Delage, testified that on March 24, 1975, he felt a pulling sensation in his lower back while lifting boxes on his job at the Imperial Knife Company (Imperial). He further testified that as a result of this injury he was unable to work after April 3, 1975.

During cross-examination it was established that Delage had lied about certain aspects of his direct testimony. It was shown that he falsely testified that he had not worked since April 3, when in fact he had worked at the Mars Manufacturing Company from April 5 to May 10, 1975, and had also tended bar occasionally subsequent to April 3. In addition, there was evidence that on his application for employment with Imperial, Delage had failed to list a former place of employment where he had previously hurt his back — allegedly a different injury from the one sustained at Imperial — and had received lump sum compensation.

Doctor Julius Stoll, testifying for petitioner, stated that in his opinion petitioner was totally disabled due to the incident on March 24. On cross-examination, however, he conceded that his opinion was based on the truthfulness of the history given to him by Delage, and that he would change his opinion concerning disability if Delage had worked subsequent to April 3.

At the conclusion of the hearing, the trial commissioner found that petitioner had failed to prove that his injury and

alleged disability arose out of and in the course of his employment with Imperial. These findings were based on the trial commissioner's opinion that petitioner was not a credible witness. The full commission agreed with this opinion and affirmed the trial commissioner's decree denying compensation.

On appeal to us petitioner argues that the commission's decree was not supported by legally competent evidence. In support of this position he contends that it was unreasonable for the commission to reject all of petitioner's testimony because portions of it were untruthful. In addition, he argues that the findings of the commission are contrary to uncontradicted evidence and are therefore against the law.

We hold both of these arguments to be without merit. The petitioner in a workers' compensation proceeding has the burden of adducing "credible evidence of probative force" to support his or her petition. *Botelho* v. *J.H. Tredennick, Inc.,* 64 R.I. 326, 12 A.2d 282 (1940). At the compensation hearing the testimony presented is always subject to evaluation by the trial commissioner. The trial commissioner may reject some or all of a witness' testimony as being unworthy of belief. *Di Libero* v. *Middlesex Construction Co.,* 63 R.I. 509, 9 A.2d 848 (1939). Such an evaluation is a finding of fact that, if supported by competent evidence, is not reviewable by this court. *Barnes* v. *Kaiser Aluminum & Chemical Corp.,* 96 R.I. 469, 194 A.2d 675 (1963).

In the instant case there was ample evidence from which to reasonably infer that petitioner's testimony was unworthy of belief. Since petitioner testified that he was alone when he was injured, his discredited testimony provided the only first-hand information that his injury arose out of and in the course of his employment. Thus, we believe that the negative findings of the commission — that the petitioner had failed to establish a causal relationship between his injury and his employment, and had failed to prove a disability — were supported by legally competent evidence and will not be disturbed by this court. *Bartlett* v. *Everett Products, Inc.,* 99 R.I. 476, 208 A.2d 530 (1965).

The petitioner's other contention is that the findings of the trial commissioner were against the law because they were contrary to uncontradicted testimony. He points to testimony concerning the nature of the injury sustained and the treatment for it and argues that this corroborates his version of how the injury occurred. We disagree. Injury and causation are separate entities. It does not follow that because he was injured, a nexus must exist between the injury and his employment.

Accordingly, the petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Rudolph E. Boffi,* for respondent.