**Maria E. QUINTANA**

v.

**WORCESTER TEXTILE CO.**

No. 83–543–Appeal.

Supreme Court of Rhode Island.

June 24, 1986.

Raul L. Lovett, Lovett Schefrin & Gallogly, Ltd., Providence, for petitioner.

Michael D. Lynch, East Greenwich, for respondent.

## OPINION

BEVILACQUA, Chief Justice.

This is an employee's appeal from a decree of the Workers' Compensation Commission, affirming the trial commissioner's decision to deny compensation benefits to the employee for failure to prove that she had sustained an injury arising out of and in the course of her employment with the employer.

The record reveals that employee, Maria Quintana, worked as a "twister" for employer Worcester Textile Company. She testified that on May 1, 1982, while bending down to clean some yarn from the lower part of her twisting machine, she felt pain in her neck, and that upon arising, she heard "something go crack in my neck." Shortly thereafter, employee sought treatment at a medical center; an X-ray examination was conducted, and employee was provided with a cervical collar. Following the alleged injury, employee was paid compensation benefits pursuant to a nonprejudicial agreement.

Approximately two weeks subsequent to the alleged injury, employee commenced medical treatment with Dr. Anthony F. Merlino. Doctor Merlino examined employee on at least seven occasions between May and November, 1982. Although the physician opined that employee was disabled, his testimony revealed that apart from some restriction of motion in her neck, tenderness around the two lower cervical vertebrae and a relative weakness in the right hand, there were no objective findings to support the subjective complaints verbalized by employee.[1] Doctor Merlino concluded that, within a reasonable degree of medical certainty, he believed that there was a causal relationship between the injury he found and the incident at work. Doc-

---

**1.** Myelograms performed by both Dr. Merlino and Dr. Garrahan yielded negative results.

tor Merlino's opinion that employee was incapacitated remained unchanged until November 29, 1982, whereupon the physician noted that employee could resume her employment as long as she guarded against prolonged sitting, standing, climbing, heavy lifting or turning of the head or neck.

The trial commissioner appointed Dr. William Garrahan, an impartial physician, to conduct an examination of employee. Said examination was conducted on November 4, 1982, and admitted as a full exhibit. In his medical report, the doctor concluded that:

"[i]f one listens to the subjective complaints of this individual, you would have to state that she is completely disabled. I find absolutely no objective evidence to confirm any of these subjective complaints. I think the degree of pain and disability is magnified. I find no evidence to indicate an organic basis for all of this pain. Based on the examination today, it would be my feeling that this individual could do her usual and customary work."

Relying primarily on the report of Dr. Garrahan and the testimony of employee at the hearings, the commissioner concluded that employee had failed to prove that she had sustained compensable injuries arising out of and in the course of her employment. The commissioner thus denied and dismissed employee's petition. The commission affirmed the trial commissioner. The employee appealed. We affirm.

On appeal, employee contends that there was uncontradicted evidence before the commissioner to support her argument that she had suffered a compensable injury in the course of her employment. She submitted that the testimony of Dr. Merlino satisfied employee's burden of showing both causation and disability. Conversely, employer contends that the issue is basically one concerning credibility, which the commissioner may deem to be insufficient even where the evidence is uncontradicted.

This court has repeatedly stated that when faced with an appeal from the commission, it will search the record to determine if there is competent legal evidence to support the findings of the commission. If we find that such evidence exists, the commission's findings will not be disturbed. *Bello v. Zavota Brothers Transportation Co.*, 504 A.2d 1015 (R.I. 1986); *Monticelli v. Trifari, Krussman & Fishel, Inc.*, 495 A.2d 994, 996 (R.I. 1985); *Simon v. Health-Tex, Inc.*, 490 A.2d 50, 51 (R.I. 1985). Thus, our duty today is to determine whether there is competent legal evidence to support the finding of the commission that employee's testimony was not credible and that she was not disabled from working because of a work-related injury.

The employee's initial burden in a workers' compensation proceeding is to advance "credible evidence of probative force" to support his or her petition. *Botelho v. J.H. Tredennick, Inc.*, 64 R.I. 326, 331, 12 A.2d 282, 284 (1940). The issue of credibility should be determined by the trial commissioner and his findings will be given great weight on review. *Laganiere v. Bonte Spinning Co.*, 103 R.I. 191, 195, 236 A.2d 256, 258 (1967)(citing *Lonardo v. Palmisciano*, 97 R.I. 234, 197 A.2d 274 (1964)). In the past, we have noted that the commissioner is uniquely qualified to both assess the credibility of a witness and determine what evidence to accept and what evidence to reject because he is in the best position to observe the appearance of a witness, his or her demeanor, and the manner in which he or she answers questions. *Davol, Inc. v. Aguiar*, 463 A.2d 170, 174 (R.I. 1983). The commissioner may reject some or all of a witness's testimony as being unworthy of belief, *Di Libero v. Middlesex Construction Co.*, 63 R.I. 509, 9 A.2d 848 (1939), and to the extent that such an evaluation is a finding of fact, we will not review that finding if it is supported by competent evidence. *Delage v. Imperial Knife Co.*, 121 R.I. 146, 148, 396 A.2d 938, 939 (1979) (citing *Barnes v. Kaiser Aluminum & Chemical Corp.*, 96 R.I. 469, 194 A.2d 675 (1963)).

In the instant case, employee claims to have satisfied her burden of showing a compensable, work-related injury via the uncontradicted testimony of both Dr. Merlino and employee herself. However, this court has stated in the past that even uncontradicted testimony may be rejected by the trier of fact. In *Hughes v. Saco Casting Co.*, 443 A.2d 1264, 1266 (R.I. 1982), this court stated that "[p]ositive, uncontradicted evidence * * * may be rejected if it contains inherent improbabilities or contradictions that alone or in connection with other circumstances tend to contradict it. Such testimony may also be disregarded on credibility grounds as long as the factfinder clearly but briefly states the reasons for rejecting the witness's testimony."

■ In the instant case, the trial commissioner complied with the aforestated procedure by clearly enunciating his reasons for rejecting employee's testimony. In his decision, the commissioner noted that employee's display regarding how the injury occurred "showed minimal activity on her part and was performed by her with ease."

Moreover, we find employee's contention that Dr. Merlino's medical testimony was uncontradicted and therefore legally sufficient to prove a compensable, work-related injury to be without merit. In addition to the fact that Dr. Garrahan's report seriously questioned the existence of an organic basis for employee's alleged injuries, it is also important to note that Dr. Merlino's medical opinion was based in large part on the subjective complaints verbalized by employee. Faced with a similar situation in the past, this court has said "[w]here medical testimony is based to a large extent on statements of medical history by the employee whose credibility carries little if any weight with the commission, it is open to evaluation, and the commission is justified in not accepting it." *Mazzarella v. ITT Royal Electric Division*, 120 R.I. 333, 339, 388 A.2d 4, 7–8 (1978).

We find no error in the proceedings below. The commission's main task when reviewing findings based on a determination of credibility is to discern whether the trial commissioner was clearly wrong in his or her findings or that he or she misconceived or overlooked material evidence in arriving at such credibility determinations. *Davol, Inc.*, 463 A.2d at 174. Since there appears to have been no error at the hearing level, there is no reason to reverse the commission.

■ Finally, the employee has argued that the fact that the employer entered into a nonprejudicial agreement with the employee somehow compels a finding that she is entitled to continued compensation. We strongly disagree. A nonprejudicial agreement pursuant to G.L. 1956 (1979 Reenactment) § 28–35–8 allows payment of compensation benefits to an employee for a period not to exceed three months while the employer investigates the claim. This type of agreement, by its very nature, is intended to be nonbinding and inconclusive. Thus, the employee's position on that score is groundless.

Accordingly, the employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.