John **MEKETSY**

v.

**ROGER WILLIAMS FOODS.**

No. 85–399–M.P.

Supreme Court of Rhode Island.

June 10, 1987.

Raul Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly Ltd., Providence, for plaintiff.

Stephen B. Lang, Robert Jeffrey, Higgins, Cavanagh & Cooney, Providence, for defendant.

## OPINION

KELLEHER, Justice.

This is a Workers' Compensation dispute in which the worker's petition for compensation benefits was denied by a trial commissioner and the denial approved by an appellate division of the Workers' Compensation Commission. The worker appeals. We affirm the appellate division's action. Hereafter we shall refer to the employee as Meketsy and to the employer as Roger Williams.

Roger Williams operates a wholesale-food-distribution center in the town of Cumberland, Rhode Island, for the exclusive benefit of a chain of markets known by the name of IGA. Meketsy works as a driver of a tractor-trailer rig. Part of his chores was the unloading of cargo once he reached his destination. On average he would make between two to five deliveries in a day and, in the process, deliver to the various markets large boxes containing a variety of such items as canned goods, juices, and other items usually found in supermarkets. The boxes could weigh between five and sixty pounds.

On June 23, 1982, Meketsy had driven to an IGA market in Plymouth, Massachusetts. While Meketsy was in the process of unloading cargo from the trailer onto the unloading platform, the market's "overhead door" suddenly and unexpectedly came down and struck Meketsy in the head and shoulders area. Meketsy suffered from immediate pain but finished his chores and continued on the job for over a week until the pain reached the point where he could no longer do his job.

The trial commissioner heard testimony from Meketsy, the treating physician who was a chiropractor, two orthopedists—one who had examined Meketsy at the request of the chiropractor, and the other who had examined him at the specific request of Roger Williams's insurance carrier and a third orthopedist, appointed by the trial commissioner as an impartial examiner pursuant to the impartial-examiner provisions of G.L. 1956 (1979 Reenactment) § 28–35–24, submitted a written report to the trial commissioner.

The chiropractor was of the opinion that as a result of the falling-door episode, his patient had suffered an "acute disc syndrome" of the fourth lumbar vertebra that made it impossible for Meketsy to return to work. On cross-examination the witness acknowledged that earlier in 1980 he had treated Meketsy for lower back pain, which discomfort he attributed to arthritis.

The orthopedist who examined Meketsy at the request of the chiropractor was of the opinion that Meketsy had chronic arthritis in the neck and lower back areas which was exacerbated by the June 23 mishap. This witness examined Meketsy on two different occasions, once in November 1982 and again in June 1983. At the time of the second examination he characterized Meketsy as partially disabled.

The March 12, 1984 written report of the appointed orthopedist indicates that the author believed that Meketsy was unable to return to his job at Roger Williams and that the overhead-door incident was the probable cause of his disability.

The third medical witness to appear before the trial justice was an orthopedist who examined Meketsy at the specific request of Roger Williams's insurer. He examined Meketsy on September 23, 1982, and later in early April 1983. During the September examination he took X rays that revealed a "degenerative disc disease" at vertebra C4 but "no evidence of fractures or dislocations" while X rays of the lumbar spine revealed a "moderate degree of arthritis" but "no evidence of recent injuries." This witness was of the opinion that Meketsy could return to his job as a tractor-trailer driver. Nothing he discovered during the April 1983 examination caused him to change his opinion. This witness made it quite clear that he had no doubt that Meketsy's absence from work was due solely to his arthritic condition.

On cross-examination this witness expressed the belief that Meketsy's arthritis was not aggravated by the door episode. This witness also testified that although X rays had indicated a substantial bulge between two of Meketsy's discs, the bulge could have been caused by arthritis.

In *Quintana v. Worcester Textile Co.*, 511 A.2d 294 (R.I.1986), we once again repeated what we have said on so many other occasions: (1) it is the employee's burden to present credible evidence that will support a petition seeking workers' compensation benefits; (2) credibility is to be determined by the trial commissioner, and his or her findings are to be given great weight on review; (3) the trial commissioner is in the best position to assess the credibility of a witness and determine what evidence is to be accepted and what evidence is to be rejected because the commissioner observes the appearance of witnesses, their demeanor, and the manner in which they respond to questions; (4) this court, when confronted with a Workers' Compensation Commission appeal, will search the record to determine if any competent evidence exists to support the findings of the commissioner; and (5) if such evidence to support the findings of the trial commissioner does exist, those findings will not be disturbed by this court.

Here the trial commissioner was confronted with conflicting evidence given by recognized experts in the field of orthopedic surgery. He found the testimony of the orthopedist whose services had been engaged by the insurer most persuasive. In simple, direct language this orthopedist expressed the opinion that Meketsy's absence from work was due to his arthritic pain rather than any pain he might have experienced because of the precipitous descent of the market's overhead door. The appellate division affirmed this finding;

and since there is competent evidence to support this affirmation, so do we.

The petition for certiorari is denied, and the record is remanded to the Commission with our decision endorsed thereon.