Kathy **MAYNARD**

v.

**RHODE ISLAND HOSPITAL.**

No. 86–242–M.P.

Supreme Court of Rhode Island.

Feb. 5, 1988.

Raul Lovett, Marc B. Gursky, Lovett, Schefrin & Gallogly, Ltd., Providence, for plaintiff.

Edward Sowa, Jr., Providence, for defendant.

## OPINION

SHEA, Justice.

This is a petition for the issuance of a writ of certiorari to review a final decree of the Workers' Compensation Commission. The final decree denied the petitioner benefits for an injury to the lower back that allegedly was caused by the constant bending and lifting required in her position as a nurse at Rhode Island Hospital. Her petition is based on two grounds. First, she claims that the trial commissioner erroneously allowed the hospital to examine one of its witnesses without the petitioner's counsel present. Second, she contends that because the trial commissioner overlooked material evidence, the appellate commission was bound to undertake a de novo review of the evidence. The decree appealed from is affirmed.

In March 1982, petitioner was employed at the Rhode Island Hospital as a registered nurse. She was the section head of neurosurgery in the operating room. Her position required her to bend and to lift patients and equipment weighing up to fifty pounds on a regular basis. On March 10, 1982, while bending over for a sponge count, she felt a "crushing pain" in her lower back.

In May 1982, following tests and treatment, petitioner returned to work. However, the pain returned on June 15, 1982, and petitioner was admitted into the hospital. On June 21, 1982, her attending physician performed surgery on her back and removed a herniated disc. The petitioner returned to work during January 1983 but stopped working on April 19, 1983, because of recurring back and leg pains.

On cross-examination petitioner admitted that she had never filed a report with the hospital claiming a work related injury. She also testified that she did not recall ever mentioning to her attending physician that her back problems might be work related.

The petitioner's attending physician testified that according to his records, petitioner never mentioned that her injury was work related. In response to a hypothetical question that set forth petitioner's work duties, the physician was of the opinion that petitioner's injuries were work related. The physician also acknowledged that petitioner suffered whiplash at age sixteen as a result of an automobile accident.

An orthopedic surgeon, testifying for the hospital, stated that upon reviewing medical records and hospital personnel records,

he could find no causal relationship between petitioner's work responsibilities and her back injuries.

The trial commissioner denied the original petition. He found as a matter of fact that petitioner failed to prove by a fair preponderance of the credible evidence that any causal relationship existed between petitioner's injuries and her work responsibilities. The appellate commission affirmed, with one member dissenting.

For some unexplained reason, petitioner's counsel did not attend a portion of the hearing at which the supervisor of health services testified for the hospital. The purpose of the supervisor's testimony was to explain the hospital's policy requiring employees to report work related injuries. She also authenticated hospital documents that showed that petitioner had never filed such a report. The trial commissioner admitted the documents and stated that he would give petitioner's counsel an opportunity to review them when he showed up. The petitioner's counsel never moved to strike the testimony of the supervisor or the hospital documents.

The petitioner now claims it was error for the trial commissioner to hear the supervisor's testimony and to admit the documents without petitioner's counsel present. Any objection that petitioner might have had was waived by the failure of her counsel to move to strike the supervisor's testimony. However, even if error was committed it was certainly harmless. The testimony of the supervisor and even the admission of the documents were extraneous because petitioner had already admitted that she had never filed a report with the hospital.

At the hearing, in response to a hypothetical question that described petitioner's work duties, petitioner's physician testified that in his opinion her injuries were work related. In the decision the trial commissioner stated that "[t]here was no testimony that the disc condition resulted from constant bending, lifting, and stooping." The petitioner now claims that the trial commissioner overlooked material evidence and that the case should be re-

manded to the appellate commission for a de novo review.

Review of the full decision clearly shows that the trial commissioner did not overlook the attending physician's opinion. Earlier in the decision the trial commissioner wrote, "[b]ased upon the hypothetical question, it was the doctor's opinion that the type of work that she was doing caused the injury." The trial commissioner obviously disagreed with the attending physician's opinion. We have held that "the commissioner is uniquely qualified to both assess the credibility of a witness and determine what evidence to accept and what evidence to reject because he is in the best position to observe the appearance of a witness, his or her demeanor, and the manner in which he or she answers questions." *Quintana v. Worcester Textile Co.*, 511 A.2d 294, 295 (R.I.1986). We have said on several occasions that findings of fact that are affirmed by the appellate commission will not be disturbed by this court so long as they are supported by legally competent evidence. *See, e.g., Hicks v. Vennerbeck & Clase Co.*, 525 A.2d 37, 41 (R.I.1987); *Quintana*, 511 A.2d at 295; *Delage v. Imperial Knife Co.*, 121 R.I. 146, 148, 396 A.2d 938, 939 (1979).

For these reasons the petitioner's petition for certiorari is denied, the writ heretofore issued is quashed, the decree appealed from is affirmed, and the papers of the case are remanded to the Workers' Compensation Commission with our opinion endorsed thereon.

WEISBERGER, J., did not participate.