Walter JOHNSON

v.

STATE of Rhode Island.

No. 92–590–M.P.

Supreme Court of Rhode Island.

Dec. 7, 1993.

Robert P. Audette and Stephen Rappoport, Rappoport, Audette, Bazar & Farley, East Providence, for plaintiff.

William F. Buckley and Eric B. Sweet, Div. of Workers' Compensation, for defendant.

## OPINION

MURRAY, Justice.

This case came before us on the petition of the employee, Walter Johnson (Johnson), for writ of certiorari. The employee seeks review of an order of the Appellate Division of the Workers' Compensation Court affirming the disfigurement award entered by the trial judge. The employee challenges the sufficiency of this award and requests that this court assess additional compensation or, in the alternative, remand this matter to the appellate division for further action. We quash the order of the appellate division and remand.

The parties are in substantial agreement with respect to the facts of this case. On July 24, 1981, Johnson, a painter employed by the state, sustained severe injuries to his right leg when he fell between a roof and scaffolding while working at the University of Rhode Island. The employee filed a petition for compensation benefits with the Workers' Compensation Commission. The commission entered a decree on November 27, 1984, awarding him loss-of-use benefits in the amount of $6,739.20 and 125 weeks of disfigurement compensation totaling $11,-250.00 plus costs and attorneys' fees. Neither party appealed this decision.

Due to complications to the initial injury, which necessitated three surgical procedures that proved unsuccessful, employee's right lower extremity was amputated approximately seven inches below the knee on February 13, 1990. The employee filed a petition with the Workers' Compensation Court[1] on June

1. The Workers' Compensation Commission was     restructured in 1990 pursuant to P.L.1990, ch.

24, 1991, pursuant to G.L.1956 (1986 Reenactment) § 28–35–45, as amended by P.L. 1990, ch. 332, art. 1, § 5, seeking additional loss-of-use compensation. The petition was amended at the pretrial conference to include a request for additional disfigurement compensation.

A hearing was held on January 28, 1992. After the submission of evidence, which included a report from a court-appointed examining physician and a photograph of employee's leg following the amputation, the trial judge entered his findings. By decree dated February 5, 1992, the trial judge ordered employer to pay 15 weeks of additional disfigurement compensation and 205 weeks for the loss by severance of employee's right foot above the ankle, pursuant to G.L.1956 (1986 Reenactment) § 28–33–19, subsections (a)(14)(B) and (a)(5), as amended by P.L. 1990, ch. 332, art. 4, § 30.

The employee filed an appeal of the trial judge's disfigurement award with the appellate division. A show cause hearing was held before that court on November 2, 1992. The appellate division entered a per curiam order on November 4, 1992, affirming the trial judge's decree and dismissing employee's appeal. The court held that in consideration of the evidence produced at trial, the disfigurement award handed down by the trial judge was not "so inadequate as to shock the conscience" and thereby was not subject to review.

The employee then filed a petition for the issuance of a writ of certiorari, which was granted by this court on March 25, 1993.

■ The issue that this court is presented with is whether the appellate division erred in not finding that the trial judge's disfigurement award was so inadequate as to amount to an abuse of discretion.

The employee contends that the trial judge's disfigurement award of 140 total weeks of compensation, as affirmed by the appellate division, is highly inadequate in light of § 28–33–19(a)(14)(B), which affords the judge the discretion to award up to 500 weeks of benefits. He further argues that what amounts to 15 weeks of compensation for the disfigurement caused by the amputation "shocks the conscience" and necessitates reversal.

The employer asserts that the disfigurement award was fair, particularly when considered as part of the overall compensation amount ordered under the terms of the initial and subsequent decrees that totaled in excess of $37,789.20.

It is well settled in this state that the findings of fact of trial judges and the Appellate Division of the Workers' Compensation Court are afforded great weight when reviewed by this court. We have stated that "[o]ur role as factfinders in workers' compensation proceedings is almost nil because the General Assembly has vested this function in those who work either as trial commissioners or as members of the commission's appellate division." *Hughes v. Saco Casting Co.*, 443 A.2d 1264, 1266 (R.I.1982); *see also Maynard v. Rhode Island Hospital*, 536 A.2d 532, 534 (R.I.1988) (findings of fact affirmed by appellate commission will not be disturbed by court so long as supported by legally competent evidence); *St. Laurent v. Kaiser Aluminum & Chemical Corp.*, 113 R.I. 10, 15, 316 A.2d 504, 507 (1974) (award of specific benefits can be overturned only if so inadequate as to show abuse of discretion).

In view of this deferential standard, employee brings this appeal bearing the cumbersome task of proving that the trial judge abused the great measure of discretion that inheres to his role as factfinder. We believe, however, that the trial judge abused his discretion in awarding employee only 15 weeks of benefits to compensate him for the disfiguring effect of the amputation of his right lower leg.

The record discloses that the trial commissioner assessed disfigurement compensation for employee's initial injury at 125 weeks of benefits. This injury consisted of what the examining physician termed a "crushed" leg. After employee's right lower extremity was

332. The commission is now referred to as the Workers' Compensation Court, the trial commissioners are referred to as trial judges, and the appellate commission is referred to as the appellate division.

amputated, he sought a modification of the original decree to obtain an additional disfigurement award that reflected the effect the procedure had on the appearance and symmetry of the remaining portion of his limb. Recognizing the original 125–week award, the trial judge assessed compensation for the disfigurement caused by the amputation at 15 weeks, approximately eight times less than the value of the initial award.

In expounding upon the standard for reviewing Workers' Compensation Court findings, we have noted that a question of law is presented when the facts, as determined by a trial judge or the appellate division, permit reasonable men to draw only one conclusion. *See DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 449, 399 A.2d 1229, 1234 (1979); *Seitz v. L & R Industries, Inc.,* 437 A.2d 1345, 1352 (R.I.1981). We have also suggested that where there is no evidence upon which a workers' compensation decree can reasonably be based, the court has exceeded its factfinding authority. *Boudreau v. R.J. Mfg. Co.,* 112 R.I. 683, 686, 314 A.2d 428, 430 (1974). In the instant case we believe the only reasonable conclusion open to the trial judge and the appellate division, upon considering the evidence presented during the hearing, was that an amputated limb is at least as disfiguring, not substantially less disfiguring, than a crushed limb.

There is no indication on the record that the trial judge or the appellate division even considered the comparative differences between employee's right leg before and after the amputation. The trial judge commented, while delivering his oral decision, that he viewed "pictures which quite graphically show the problem at hand" yet failed to discuss to any degree the aesthetic impact this procedure had on employee's limb.

■ The appellate division also summarily referenced the photographs of employee's amputated limb, without further comment, in its per curiam order affirming the trial judge's disfigurement award. Such abbreviated analyses ignore the appropriate methodology that applies when ruling on a petition filed pursuant to § 28–35–45. We have held that in modification proceedings, the trial judge's award should be based on a compara-

tive analysis of the condition as it existed before and after the intervening event. *See Alterio v. Cherry Hill Manor Nursing Home Ltd.,* 537 A.2d 416, 418 (R.I.1988); *Belanger v. Weaving Corporation of America,* 120 R.I. 348, 351, 387 A.2d 692, 694 (1978). As reflected in the record, this analysis was not followed in this case.

We conclude that the trial judge's 15–week disfigurement award must be vacated based on its inadequacy in comparison to the award issued under the terms of the original decree. We further rule that this matter be remanded to the appellate division for further proceedings to determine the proper assessment of such award based on a comparison of the appearance of the employee's right leg as it existed before and after the amputation.

For the reasons stated, the petition for certiorari is granted. The decree of the trial judge and the order of the appellate division are quashed, and the papers of the case are remanded to the appellate division with our decision endorsed thereon.