GENO MENNA *vs.* HERBERT E. MATHEWSON.

JUNE 16, 1927.

PRESENT: Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Workmen's Compensation Act.  Statute of Limitations.*

The Workmen's Compensation Act gives a statutory action and the limitation is fixed at two years by the special provisions of the act, and Gen. Laws, 1923, cap. 334, sec. 9, relative to commencement of a new action within one year after dismissal of a former action has no application.

(2)  *Creation of Remedy.  Statute of Creation.*

A statute which in itself creates a new liability, and fixes the time within which that action may be commenced, is not a statute of limitations but a statute of creation and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits.

PETITION under Workmen's Compensation Act.  Heard on appeal of petitioner and appeal dismissed.

RATHBUN, J.  This is a petition of an employee brought under the Workmen's Compensation Act to recover for injuries received in the course of his employment.  The Superior Court dismissed the petition on the ground that the petition was not filed either within two years after the occurrence of the injury or within two years after the removal of any physical or mental incapacity, as required by Chapter 831, Art. III, Sec. 18, P. L. 1912, now Chapter 92, Art. III, Sec. 17, G. L. 1923, which provides as follows: "An employee's claim for compensation under this chapter shall be barred unless an agreement or a petition, as provided in this article, shall be filed within two years after the occurrence of the injury, or, in case of the death of the employee, or, in the event of his physical or mental in-

capacity, within two years after the death of the employee or the removal of such physical or mental incapacity." See also Sec. 17, Art. II of said chapter. The case is before us on the petitioner's appeal from the decree dismissing the petition.

The petitioner's counsel having been told by an employee in the office of the Commissioner of Labor that the respondent had not accepted the provisions of the Workmen's Compensation Act brought a common law action for negligence against this respondent, his employer. When said action was reached for trial, it appearing that defendant had, before the accident, accepted the provisions of said act, the plaintiff was nonsuited. This petition was then brought, although the two year period had long since expired.

The petitioner relies upon Section 9, Chapter 334, G. L. 1923, which provides that: "If any action which has been or shall be duly commenced within the time limited and allowed therefor, shall be abated or otherwise avoided or defeated by the death of any party thereto, or for any matter, or if after verdict for the plaintiff, the judgment shall be arrested, the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit as aforesaid; and if the cause of action does by law survive, his executor or administrator may, in case of his death, commence said new action within the said one year." The above section applies to common law actions and not to a petition of this nature. Section 10 of said chapter provides that: "The provisions of this chapter shall not apply to any case in which a different time is limited by special provisions." The Workmen's Compensation Act gives a statutory action and the limitation is fixed at two years by the special provisions of said act. The rule is clearly stated in *Bement* v. *Grand Rapids & I. Ry. Co.*, L. R. A. 1917 E. 322, 160 N. W. 424, as follows: "The ordinary Statute of Limitations confers upon a defendant the privilege of inter-

posing a definite limitation of time as a bar to the enforcement of a liability existing independently of the statute defining the limitation. Such statutes, therefore, are merely limitations of the remedy. Statutes like the present are more. They create a right of action conditioned upon its enforcement within the prescribed period. The legislature having the power to create the right, may affix the conditions under which it is to be enforced, and a compliance with those conditions is essential. 'The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all' ". . . . "A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits." See also *Dodge* v. *Barstow Stove Co.*, 40 R. I. 191.

The appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Joseph H. Coen, John F. Conaty,* for petitioner.
*George F. Troy,* for respondent.