JOSEPH DECOSTA *vs.* ARTHUR W. DEVINE, *Director of Labor, as Administrator of the Second Injury Indemnity Fund.*

JANUARY 15, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J.  This is a petition for dependency benefits under the workmen's compensation act in accordance with the provisions of general laws 1956, §28-37-10.  The case

is here on the appeal of the respondent from a decree of the workmen's compensation commission ordering certain payments for the dependents. The attorney general, acting under the authority conferred upon him by the provisions of G. L. 1956, §28-37-11, also claimed an appeal from this decree setting forth the same reasons stated by the director of labor. We shall consider these appeals as a single appeal and hereafter the parties will be referred to generally as the respondent.

. The respondent appealed on the ground that the petition was barred because it was not filed within two years from the time the right to claim benefits accrued as provided by G. L. 1956, §28-35-57. He also contended that petitioner's right to claim the benefit of §28-37-10 had been extinguished by his acceptance on September 24, 1958 of a lump sum in commutation of all probable future payments of disability compensation pursuant to G. L. 1956, §§28-37-8 and 28-37-12.

Those contentions raise questions concerning the proper construction of the statutory provisions therein cited. However, it does not appear that respondent's second contention was presented to the full commission on his appeal from the decree of the trial commissioner and hence the full commission did not consider it. On an appeal to this court from a decree of the full commission we ordinarily review only those issues determined by the commission, unless an issue of jurisdiction over the subject matter is apparent on the face of the record. Whether such an issue appears here we shall not pause to consider, since on our view of respondent's first contention we are constrained to hold that the petition was barred. In the circumstances there is no occasion for discussing certain contentions advanced by the petitioner.

A brief summary of the facts, all of which are undisputed, will be helpful in understanding the reasons on which we base our decision. On July 1, 1954 petitioner was totally

incapacitated by reason of an injury arising out of and in the course of his employment with P. D. Humphrey Company and he received workmen's compensation therefor in accordance with a preliminary agreement dated July 12, 1954. The commission found he was still totally incapacitated. On September 30, 1955, at which time he ceased to receive benefits under the temporary disability insurance act, he had two children under the age of sixteen years wholly dependent upon his wages, earnings or salary for their support.

On July 15, 1958 he filed the instant petition for dependency benefits under G. L. 1956, §28-37-10, the pertinent portions of which read as follows: "Whenever an injured employee suffering total incapacity ceases to receive payment under the provisions of the Rhode Island Temporary Disability Act he shall receive compensation in addition to compensation for total incapacity, not exceeding two dollars and fifty cents ($2.50) per week for each child, wholly or partially dependent upon the wages, earnings or salary of the employee * * * which additional compensation shall be paid out of the fund established under §28-37-1 * * *."

An employee claiming such benefits is required by §28-37-6 to file a petition therefor with the director of labor in accordance with the procedure outlined in chapter 28-35. It is therein provided by §28-35-57 that such a claim shall be barred unless filed within two years after the occurrence or manifestation of the injury. The commission found that this section applied to the instant case only to the extent of barring any claim to benefits which accrued more than two years before the petition was filed and not to petitioner's right to benefits accruing thereafter for the reason, as they said, that such dependency benefits are continuing benefits. The respondent and the attorney general strongly challenge the validity of such reasoning and argue that the workmen's compensation act has never heretofore been ap-

plied in that manner "week by week as if each week's compensation were a separate claim."

There is merit in this contention. While the commission rightly construed the two years' limitation prescribed in §28-35-57 to be an indispensable condition of the right to benefits created by §28-37-10 and not a mere limitation on the remedy, *Menna* v. *Mathewson*, 48 R. I. 310, they cite no authority, and we are aware of none, for the manner in which they have avoided applying it in the instant case. The benefits authorized by §28-37-10 are special benefits the right to which arises under certain conditions separate and apart from the cause which gave rise to petitioner's total disability compensation and these benefits are expressly declared to be in addition to such compensation. In our opinion those conditions must be complied with literally and admit of no modification. To treat each of these weekly benefits as independent, continuing benefits or to differentiate between a petitioner not filing a claim therefor within two years after the right to benefits had accrued and one not filing for workmen's compensation benefits within that time is to modify the statute by rewriting it, something which the commission may not do.

The right to claim such benefits accrued to petitioner on September 30, 1955 when he ceased to receive benefits under the temporary disability act. As soon as that condition arose the other condition of the act, namely, the limitation on the filing of a petition for benefits thereunder, began to operate. Since the act was properly held to be a statute of creation and not one of mere limitation of the remedy, commencement of the petition within the time fixed in the act was an indispensable requirement for establishing the petitioner's right to receive benefits thereunder. It is erroneous to speak, as the full commission does in the decision, of "any benefits which accrued more than two years before he filed his petition." No benefits could accrue to the petitioner unless and until he filed his petition within the time

prescribed in the act. Since he failed to comply with that condition no benefits ever accrued to him at any time.

The appeals of the respondent and the attorney general are sustained, the decree appealed from is reversed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*John Quattrocchi, Jr.,* for petitioner.

*Joseph L. Breen, J. Joseph Nugent,* Attorney General, for respondent.