391 A.2d 123.

ROBERTO OCHOA *v.* UNION CAMP CORPORATION.

SEPTEMBER 5, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J.   This is an appeal by an employee from a decree of the Workers' Compensation Commission (the commission) denying him compensation for a job-related injury he allegedly sustained while working for his employer, Union Camp Corporation.

The incident in question occurred on May 30, 1972, when

the employee injured his back carrying a heavy cylinder used in his employer's printing presses. The employee sought medical care for the injury and soon had to leave work because of the pain in his back. The record indicates that he filed a petition for compensation, but in November 1972 he left the state, moving to Washington, D.C., and then later to New Jersey.

In April 1973 the commission notified the employee's counsel of record that if no action were taken on the pending claim, it would be discontinued. Evidently there was no response to the notice because the record shows that in the following month the petition was "discontinued without prejudice."

In April 1975 the employee filed a second claim for compensation for his May 1972 injury. He returned to Rhode Island in that year and testified before the commission about his injury, indicating that he had left a job in New Jersey after a recurrence of the pain in his back and that he was still bothered by that pain. The employee also testified that before leaving Rhode Island he had been the victim of three assaults, the latter two of which seem to have been in retaliation for his testifying as a complaining witness in the first.

The commissioner who heard this evidence filed a decision indicating that he was satisfied that the employee had suffered an incapacitating injury. He also stated, however, that the petition for compensation had not been filed within 2 years of that injury as required by the Workers' Compensation Act,[1] and no preliminary agreement had been entered.

[1]General Laws 1956 (1968 Reenactment) §28-35-57, as amended by P.L. 1960, ch. 94, §1, reads as follows:

"Limitation of claims for compensation. — An employee's claim for compensation under chapters 29 to 38, inclusive, of this title shall be barred unless an agreement or a petition, as provided in this chapter, shall be filed within two (2) years after the occurrence or manifestation of the injury or incapacity, or in the case of the death of the employee, or, in the event of his physical or mental incapacity, within two years after the death of the employee or the removal of such physical or mental incapacity.

"The time for filing claims shall not begin to run in cases of latent or

The commissioner rejected the idea that fear of physical harm had caused the employee to leave Rhode Island and to let his claim lapse. The commissioner thus concluded that the claim was barred by the statute of limitations, and he denied the petition for compensation.

The full commission upheld this denial, noting that the employee had left Rhode Island voluntarily and that there were "various avenues" by which he could have had his petition filed even while he was out of state. The commission also rejected a number of arguments by the employee that the statute had been tolled, either by his filing of the first petition, by the paying of medical expenses by the employer, or by the employer's failure to plead affirmatively the statute of limitations. The commission entered a decree pursuant to this decision affirming the single commissioner's denial of compensation, and from this decree the employee has filed the present appeal.

One of the errors listed by the employee in his reasons of appeal filed below was that the commission had erred in finding that there were no medical payments made so as to toll the statute of limitations. Since he has neither briefed nor argued that issue, however, we shall deem it waived. Sup. Ct. R. 16(a); *Rhode Island Hospital Trust National Bank* v. *Israel*, 119 R.I. 298, 377 A.2d 341 (1977); *Salk* v. *Alpine Ski Shop, Inc.*, 115 R.I. 309, 342 A.2d 622 (1975).

The employee suggests first that his difficulties with the English language, he having come to this country from Colombia only a couple of years before the injury, as well as fear for his safety after the assaults, contributed to his delay

---

undiscovered physical or mental impairment due to injury including disease until (1) the person claiming benefits knew, or by exercise of reasonable diligence should have known, of the existence of such impairment and its causal relationship to his employment, or (2) after disablement, whichever is later, provided, that in any such case in which indemnity benefits have been paid, the claimant's right to compensation is preserved without time limitation.

(The statute of limitations was extended to 3 years by P.L. 1978, ch. 232, §2, but this amendment was prospective in application.)

in filing this claim. He does not, however, rely primarily on these factors in this appeal, and with good reason. Even assuming that these problems could conceivably delay the running of the limitation period, a question we do not consider here, the fact is that the commission found against the employee's factual allegations and concluded that the employee could very well have filed a timely petition. As the commission noted, the employee himself testified that the assaults were only one of the reasons he left the state, and when asked why he left Rhode Island, he answered through an interpreter, "I got tired of living in one place." Furthermore, when asked why he did not return to Rhode Island earlier, the employee's reason was that he "never had enough money to make the trip," not because he was in fear. In view of these statements, we conclude that there is testimonial evidence in the record to support the commission's findings that the employee had no good cause for failing to file a timely claim, and under our limited scope of review we do not disturb those findings. *St. Laurent* v. *Kaiser Aluminum & Chemical Corp.*, 113 R.I. 10, 14, 316 A.2d 504, 506 (1974); *McDonald* v. *John J. Orr & Son, Inc.*, 94 R.I. 428, 430, 181 A.2d 241, 243 (1962).

The major point raised in this appeal, however, is whether the employee tolled the statute of limitations in 1972 by filing his first petition within the 2-year period. The employee argues that since that petition was discontinued "without prejudice," he was able to refile it at any time, even beyond the 2 years set by statute. In effect, the employee construes "without prejudice" as meaning that his claim has been continued indefinitely and that having once filed the claim within the time limit he can litigate it at any time he desires.

We had a similar situation before us in *Boudreau* v. *American Luggage Works, Inc.*, 117 R.I. 548, 368 A.2d 1189 (1977), but in that case we did not have to face squarely, as we do here, whether a discontinuance by the commission, particularly one explicitly without prejudice, tolls the statute of limitations.

We believe that in arguing for an open-ended right to prosecute his claim petitioner misconceives the effect of the phrase "without prejudice," at least as used in the present context. In *Reynolds* v. *Hennessy*, 17 R.I. 174, 23 A. 639 (1891), this court held that the dismissal of a bill in equity without prejudice to the right of the complainant to prosecute a simultaneous action at law did not operate as a bar to the actual prosecution of that action. In reference to the "without prejudice" aspect of the decree, this court stated:

> "The intention and effect of such a reservation in a decree are, by express terms, to prevent it from operating as a bar to another suit. *A dismissal 'without prejudice' leaves the parties as if no action had been instituted.*" *Id.* at 175, 23 A. at 639 (emphasis added.)[2]

Similar language has been used in the federal courts regarding the effect of a voluntary dismissal without prejudice under Rule 41 of the Federal Rules of Civil Procedure: "The effect of this type of dismissal is to put the plaintiff in a legal position as it he had never brought the first suit," *LeCompte* v. *Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976), and "to render the proceedings a nullity and leave the parties as if the action had never been brought." *In re Piper Aircraft Distribution System Antitrust Litigation*, 551 F.2d 213, 219 (8th Cir. 1977); *accord, A.B. Dick Co.* v. *Marr*, 197 F.2d 498, 502 (2d Cir.), *cert. denied*, 344 U.S. 878, 73 S. Ct. 169, 97 L. Ed. 680 (1952); 5 Moore, *Federal Practice* ¶41.05[2] at 41-76 (2d ed. 1977).

A number of implications are raised by the fact that a dismissal without prejudice leaves the parties as if the action had never been brought. Primarily, such a dismissal allows the complaining party to refile his action without having the

---

[2]Though the *Reynolds* case involved the dismissal without prejudice of a bill in equity, we have held that workers' compensation petitions follow the course of equity. *Carr* v. *General Insulated Wire Works, Inc.*, 97 R.I. 487, 490, 199 A.2d 24, 26 (1964); *Campbell* v. *Walsh-Kaiser Co.*, 78 R.I. 290, 293, 81 A.2d 684, 685 (1951).

first judgment bar his claim by principles of res adjudicata. *Taylor* v. *Slater*, 21 R.I. 104, 108, 41 A. 1001, 1003 (1898); *Reynolds* v. *Hennessy, supra.* The complainant is thus not "prejudiced" because he can bring a new action without bearing any extra burdens as a result of his first action.

By the same token, however, a dismissal (and we consider the "discontinuance" here to be, in effect, a dismissal) leaves the complaining party in no better position than if he had never filed the first action. He has the same burdens in bringing his claim as he would have had if it were his first suit. In particular, he must file his claim in a timely manner without regard to his previous claim, and if the second claim is subject to a statute of limitations, the claim must be filed within the time set by that statute or be barred by it, absent a statutory saving provision. *Gray* v. *Ahern*, 63 R.I. 363, 9 A.2d 38 (1939); 1 Kent, *R.I. Civ. Prac.* §41.3 at 332 (1969); *Humphreys* v. *United States*, 272 F.2d 411 (9th Cir. 1959); *see Moore* v. *St. Louis Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976). In fact, in the absence of a statute to the contrary a party cannot even deduct from the period of the statute of limitations the time during which the action so dismissed was pending. *Bomer* v. *Ribicoff*, 304 F.2d 427, 429 (6th Cir. 1962); 5 Moore, *supra* at 41-76 to 77.

We believe these cases point to an outcome which is consistent with the intent of the statute of limitations in the Worker's Compensation Act. As one commentator stated, the purpose of requiring these claims to be brought within a specific time limit is "to protect the employer from stale claims too old to be successfully or adequately investigated and properly defended." 12 Schneider, *Workmen's Compensation* §2355 at 4 (3d ed. 1959). This objective is not satisfied merely by giving notice to an employer of a claim against it, as the employee argues. In *Menna* v. *Mathewson*, 48 R.I. 310, 137 A. 907 (1927), we implicitly rejected the idea that as long as notice of a claim is given within the statutory time the

action may be filed again at any time.[3] There is good reason for this view. If the actual litigation could occur at any time in the near or distant future, the statute would only minimally decrease the uncertainty to the employer and would not reduce the problem of stale claims. The mere statement of the argument that a discontinuance without prejudice allows the employee to refile a petition at any time he desires without limit suggests that such a construction of the statute of limitations is inconsistent with its purpose and intent.

We therefore conclude that the filing of the first claim and the discontinuance of that action without prejudice had no effect on the running of the statute of limitation in this case.

The employee's last argument is that his petition can proceed even if it was filed after the statute of limitation had run because respondent waived that defense by failing to plead it affirmatively. We believe, however, that because of the nature of the 2-year limitation in the Workers' Compensation Act, this argument also misses the mark.

As we stated in *Brothers* v. *James S. Cassedy, Inc.*, 101 R.I. 307, 309, 222 A.2d 363, 364 (1966), the Workers' Compensation Act

"creates a liability and provides a remedy therefor that was unknown at the common law, and it is settled that in such circumstances time limitations set out in a statute that relate to the liability established therein are not merely limitations on a resort to the remedy provided

---

[3]In *Menna*, an employee who had brought a common-law action for negligence against his employer was nonsuited when the trial court determined that the employer had accepted the provisions of the Workmen's Compensation Act before the accident. The employee then brought a petition under the Act even though 2 years had already passed, relying on a statute, now G.L. 1956 (1969 Reenactment) §9-1-22, which permitted new actions to be commenced within 1 year after the abatement of a previous, timely filed suit. The court held that the statute applied only to common-law proceedings and was inapplicable to petitions under the Workmen's Compensation Act. The present version of the Act has no provision for the refiling of discontinued petitions once the limitation period has run.

therein. Such limitations are in the nature of conditions precedent and compliance therewith is essential to obtain the benefits of the liability created therein."

*Accord, DeCosta* v. *Devine,* 90 R.I. 240, 244, 157 A.2d 247, 248 (1960); *Menna* v. *Mathewson, supra.* We have thus construed this limitation, as other states have construed equivalent statutes, not as a technical statute of limitation but as a statute of repose. The limitation is an express condition of the right to compensation and is intended to bar the claim or right to compensation unless its provisions are complied with. As a condition precedent, it need not be specially pleaded to be enforced, *Reichers* v. *Pennsylvania Railroad,* 156 Pa. Super. Ct. 213, 221, 40 A.2d 158, 161 (1944); *Commonwealth* v. *Brown,* 16 Pa. Commw. Ct. 148, 154, 329 A.2d 541, 544 (1974); *see also* 12 Schneider, *supra* §2375 at 45, and thus the failure of the employee to file a timely claim or to show that the statute of limitations was tolled bars him from recovering compensation for his injury despite the fact that the employer did not plead that defense affirmatively. *Bocchino* v. *Best Foods, Inc.,* 16 N.J. Super. 154, 84 A.2d 40 (1951); *Ratto* v. *Pennsylvania Coal Co.,* 102 Pa. Super. Ct. 242, 156 A. 749 (1931).

The employee's appeal is denied and dismissed, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission.

*Lovett & Linder, Ltd., Raul L. Lovett,* for petitioner.

*Eldridge H. Henning, Jr.,* for respondent.