Ronald SILVA

v.

JAMES URSINI CO.

No. 81–512–Appeal.

Supreme Court of Rhode Island.

May 1, 1984.

Stephen M. Rappoport, Steven Jay Hirsch, East Providence, for plaintiff.

Michael T. Wallor, Hanson, Curran & Parks, Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is an appeal from a decree of the Workers' Compensation Commission denying the employee's claim under the Workers' Compensation Act.

The facts are not in dispute. The employer is a Connecticut corporation doing business exclusively in Connecticut. In July 1978 Ronald Zimmerman, business agent for the Sprinkler Fitters Union of Connecticut, contacted Edward Kiley, business agent for the Providence Sprinkler Fitters Union Local No. 715. Zimmerman informed Kiley that the employer, the James V. Ursini Company, was in need of sprinkler fitters for various jobs. Zimmerman requested that Kiley send members of local No. 715 to the employer's place of business in Connecticut. Immediately thereafter, Kiley called the employee and asked him if he would be interested in working for the employer in Connecticut. The employee responded in the affirmative

and was then told where to report to work. The following day the employee went to the employer's business office where he signed a W–2 form and thereupon proceeded to the job site. The employee continued to work for the employer in Connecticut until he was injured three months later, for which injury he received compensation benefits from the State of Connecticut.

The employee subsequently brought a petition before the Rhode Island Workers' Compensation Commission, seeking supplemental benefits. The trial commissioner denied the employee's petition on the ground that Rhode Island lacked jurisdiction over the claim. The commission, in affirming the trial commissioner, specifically found that they lacked jurisdiction because the contract of hire was entered into in Connecticut.

The employee now appeals on the following grounds: (1) whether he is entitled to successive workers' compensation benefits in more than one jurisdiction; (2) whether a state, having more than a casual interest in an employee's injury, may apply its Workers' Compensation Act without violating the Full Faith and Credit Act; and (3) whether the trial commissioner erroneously restricted the introduction of certain evidence. Due to our disposition of the first two issues we need not address the employee's final contention.

### I

■ The employee initially argues that the granting of successive workers' compensation benefits under the Rhode Island Act would not violate the full faith and credit clause of the United States Constitution.[1]

Under the full faith and credit clause, a judgment that is valid under the laws of one state should have the same credit, validity, and effect in every court in the United States that it had in the state where

---

1. Article IV, sec. 1, of the United States Constitution provides in part that "[f]ull faith and credit shall be given in each state to the public acts, records, and judicial proceedings of every other state."

rendered. *Williams v. North Carolina,* 317 U.S. 287, 293–94, 63 S.Ct. 207, 211, 87 L.Ed. 279, 283 (1942). Although rare, there are exceptions to this doctrine. The policy of permitting successive or supplemental workers' compensation awards has been upheld, provided that the second state would have been able to apply its workers' compensation act in the first place, and further provided that credit for the first award is given, thereby precluding the possibility of a double recovery by the employee. *Industrial Commission of Wisconsin v. McCartin,* 330 U.S. 622, 627–28, 67 S.Ct. 886, 889, 91 L.Ed. 1140, 1143 (1947); *see* 4 Larson, *The Law of Workmen's Compensation,* § 85.20 at 16–17 (1983). The constitutionality of successive awards was unequivocally determined in *Thomas v. Washington Gas Light Co.,* 448 U.S. 261, 286, 100 S.Ct. 2647, 2663, 65 L.Ed.2d 757, 776 (1980), wherein the Court stated:

> "We * * * hold that a State has no legitimate interest within the context of our federal system in preventing another State from granting a supplemental compensation award when that second State would have had the power to apply its workmen's compensation law in the first instance. The Full Faith and Credit Clause should not be construed to preclude successive workmen's compensation awards."

Thus, no constitutional impediment to the granting of a successive award exists in Rhode Island.

## II

The employee next argues that Rhode Island possesses sufficient nexus with the facts to warrant the application of the Rhode Island Workers' Compensation Act. ■ We note initially that there exist two standards of review in appeals from the Workers' Compensation Commission. This court may review a decree of the commission on the ground that the commission erred on questions of law. *DeNardo v. Fairmount Foundries Cranston, Inc.,* 121 R.I. 440, 445, 399 A.2d 1229, 1232

(1979). Questions of fact, however, are within the province of the commission, and this court must apply a limited review to determine whether the commission's conclusion is supported by competent legal evidence. *Beauchesne v. David London & Co.,* 118 R.I. 651, 653, 375 A.2d 920, 921 (1977); *Knowlton v. Porter Trucking Co.,* 117 R.I. 28, 31–32, 362 A.2d 131, 134 (1976). In this case, the Workers' Compensation Commission specifically found that they lacked jurisdiction over the employee's claim because the contract of hire was a Connecticut contract. Pointing specifically to Kiley's testimony that he had never spoken to anyone from the Ursini Company and that his only connection with the company came through his brother union in Connecticut, the appellate commission found that Kiley was not an agent of the employer. Acknowledging that under the Rhode Island Workers' Compensation Act the relationship of employer and employee is contractual, the commission concluded that the last act necessary to effectuate that contractual relationship occurred in Connecticut when the employee reported to the employer's place of business and was directed to the job site to begin work. Because the contract of hire was not a Rhode Island contract, the commission dismissed the employee's claim for lack of jurisdiction.

■ We find that the commission's determination that the contract was a Connecticut contract is supported by competent legal evidence. The commission correctly concluded that no agency relationship existed between Kiley, the Rhode Island union official, and the employer. Kiley's testimony that he could control the employee's actions by recalling him to Rhode Island at any time indicates that he was not acting on behalf of the Ursini Company. Kiley further admitted that he had no business relationship and indeed no contact whatsoever with the employer. He described his role as that of "filling manpower needs" at the request of his brother union in Connecticut. This evidence supports the commis-

sion's finding that no agency relationship existed. Consequently, the Rhode Island union official was without authority to make an effective offer of employment to the employee. Any purported acceptance by the employee during the telephone conversation between himself and Kiley was ineffectual. Thus, no contract arose in Rhode Island. The contract of hire was consummated in Connecticut when the employee reported to the employer's place of business and was told to report to the job site. We agree with the commission's conclusion that because the contract was not made in Rhode Island, the Rhode Island Workers' Compensation Commission lacked jurisdiction.

The decision of the commission is sustained, the decree appealed from is affirmed, and the case is remanded to the Workers' Compensation Commission for entry of a decree consistent with this opinion.