**William E. EMMETT**

v.

**TOWN OF COVENTRY.**

**No. 84–126–Appeal.**

Supreme Court of Rhode Island.

July 18, 1984.

Leo J. Dailey, Nolan & Dailey, Coventry, for petitioner.

Joel K. Gerstenblatt, Providence, for respondent.

OPINION

BEVILACQUA, Chief Justice.

This is an original petition for compensation under the Workers' Compensation Act. It is before us on the employer's appeal from a decree of the full commission affirming the decree of the trial commissioner which awarded compensation benefits to the employee.

The facts are not in dispute. On February 9, 1978, while operating a snow-remov-

al truck for the town of Coventry (employer), the employee sustained an injury to his back. As a result of this injury, he became incapacitated for work on April 11, 1978.

At the time of injury and incapacity, G.L. 1956 (1968 Reenactment) § 28–35–57, the statute governing the time limitation within which workers' compensation petitions must be brought, provided "[a]n employee's claim for compensation * * * shall be barred unless an agreement or a petition * * * shall be filed within two (2) years after the occurrence of manifestation of the injury or incapacity * * *."

In May 1978 the Legislature amended § 28–35–57 to provide that a petition for workers' compensation benefits must be brought within three years of the date of injury or incapacity. Public Laws 1978, ch. 232, § 2.

On February 23, 1981, some three years after the injury had occurred, the employee filed a petition for compensation with the Workers' Compensation Commission. The employer pleaded the two-year limitations period in effect at the time of incapacity as an affirmative defense. The trial commissioner found that the limitations period provided in § 28–35–57 was procedural in nature and that therefore the amendment should be applied retroactively. The sole issue to be determined on appeal is whether the amended three-year limitations period of § 28–35–57 may be applied retrospectively.

It is well settled that on review of workers' compensation cases, this court is bound by those factual findings of the commission which are supported by competent legal evidence. *Silva v. James Ursini Co.*, R.I., 475 A.2d 205, 207 (1984); *Beauchesne v. David London & Co.*, 118 R.I. 651, 653, 375 A.2d 920, 921 (1977). We may, however, review a decree of the commission on the ground that the commission erred on a question of law. *Pallotta v. Foxon Packaging Corp.*, 477 A.2d 82 at 84 (R.I., 1984); *DeNardo v. Fairmount Foundries, Cranston, Inc.*, 121 R.I. 440, 445, 399 A.2d 1229, 1232 (1979). The commission found as a matter of law that the amendment to

§ 28–35–57 which extended the limitations period from two to three years was procedural in nature and therefore could be applied retrospectively. We disagree.

We have frequently stated that, as a general rule, statutes and their amendments are applied prospectively. *Murphy v. Murphy*, R.I., 471 A.2d 619, 623 (1984); *Fox v. Fox*, 115 R.I. 593, 596, 350 A.2d 602, 603 (1976). A statute may be applied retrospectively only if it appears by strong clear language or necessary implication that the Legislature intended the statute to have retroactive effect. *Spagnoulo v. Bisceglio*, R.I., 473 A.2d 285, 287 (1984); *Twomey v. Carlton House of Providence, Inc.*, 113 R.I. 264, 267, 320 A.2d 98, 99 (1974). Procedural and remedial statutes that do not affect substantive rights are frequently applied retroactively where the Legislature so intends. *E.g., State v. Healy*, 122 R.I. 602, 606, 410 A.2d 432, 434 (1980); *Romano v. B.B. Greenberg Co.*, 108 R.I. 132, 136, 273 A.2d 315, 317 (1971). In this case, the full commission affirmed the finding of the trial commissioner that the limitations period of § 28–35–57 was procedural and therefore should be applied retrospectively. We find that the commission's classification of the limitations period of § 28–35–57 as procedural is error.

In *Ochoa v. Union Camp Corporation*, 120 R.I. 898, 906, 391 A.2d 123, 128 (1978), this court distinguished the time limitations provided in workers' compensation cases from technical statutes of limitation. We recognized that the Workers' Compensation Act is a creature of statute that provides a remedy unknown at common law. Unlike actions at common law in which the time limitations relate solely to the remedy rather than to the substantive right, the workers' compensation statute is treated as a statute of repose in which "[t]he limitation is an express condition of the right to compensation and is intended to bar the claim or right to compensation unless its provisions are complied with." *Id.* at 906, 391 A.2d at 128; *see* 3 Larson, *The Law of*

*Workmen's Compensation* § 78.85 at 15–414 (1983). We further stated that the specific amendment in issue here was prospective in application. *Ochoa*, 120 R.I. at 903–04 n. 1, 391 A.2d at 126 n. 1. We find that *Ochoa* controls. As we stated in that case, the limitations period of § 28–35–57 is not a technical statute of limitations capable of being applied retrospectively. We treat it as a statute of repose in which satisfaction of the time limitation operates as a condition precedent to bringing the action. The employee's failure to bring his claim for benefits within the two-year period of limitation in existence at the time of his injury and incapacity thus bars his claim.

The employer's appeal is sustained, the decree appealed from is reversed, and the case is remanded to the Workers' Compensation Commission for further proceedings in accordance with this opinion.