Herbert E. MILES

v.

BENDIX CORPORATION.

No. 82–515–Appeal.

Supreme Court of Rhode Island.

May 22, 1985.

Alfred Factor, Kirshenbaum & Kirshenbaum, Providence, for petitioner.

Edward P. Sowa, Jr., Gunning, LaFazia & Gnys, Inc., Providence, for respondent.

OPINION

SHEA, Justice.

This is an appeal by Herbert E. Miles from a decree of the Workers' Compensation Appellate Commission denying the employee's claim under the Workers' Compensation Act.

The following facts are not disputed. Sometime in February 1979 the Bendix Corporation ran an advertisement in the Providence Journal Bulletin seeking truck drivers for its corporation. Herbert Miles answered the ad and contacted Bendix Corporation at its office in South Bend, Indiana. After completing an application forwarded to him, Miles appeared as requested in Springfield, Massachusetts, where he completed a written test and was interviewed. The next day he completed a road test just across the Massachusetts-Connecticut State line. Several days later, Miles traveled, at Bendix's expense, to the office of Bendix Corporation in Indiana, where the company gave him a physical examination, informed him that he was hired, and assigned him to a route between East Providence and Greenville, Ohio.

From the date of his hiring on March 3, 1979, to the date of his injury, Miles worked out of the Bendix Corporation terminal located in East Providence. All of his trips, approximately three times a week to Greenville, Ohio, originated and terminated in East Providence.

On Sunday, May 21, 1979, Miles suffered an injury in East Providence while preparing for a trip to Greenville, Ohio. He was treated at Pawtucket Memorial Hospital and later examined and treated by two physicians. He is presently under a physician's care.

Several weeks after Miles sustained the injury, Bendix started to pay him compensation benefits. Bendix informed him that as the company was self-insured, its actions were governed by the Industrial Board for the State of Indiana. Miles and Bendix entered into an agreement that stated that Miles had sustained an injury

on May 21, 1979, arising out of the course of his employment, that he was disabled therefrom and was entitled to receive compensation benefits at the rate of $120 per week based on an average weekly wage of $532.97, and that the compensation should be paid weekly beginning May 22, 1979, for total disability in accordance with the provision of the Workmen's Compensation Act of the State of Indiana. He has been receiving weekly benefits of $120 per week since May 22, 1979, and continues to receive these benefits. All of his medical expenses have been paid by Bendix. He remains totally disabled.

Miles filed a petition for compensation with the Rhode Island Workers' Compensation Commission in June 1979. The trial commissioner denied his petition on the ground that Rhode Island lacked jurisdiction over the claim. The appellate commission, in affirming the trial commissioner, specifically found that the commission lacked jurisdiction because the last act necessary to complete employee's contract of hire took place in Indiana.

On appeal, Miles contends that the Workers' Compensation Commission erred in deciding that Rhode Island has no jurisdiction.[1] We disagree.

In reviewing the commission's decision, our role is limited to determining whether competent legal evidence exists to support its findings. *DeNardo v. Fairmount Foundries Cranston, Inc.*, 121 R.I. 440, 444, 399 A.2d 1229, 1232 (1979). The record reveals that Miles was actually hired in Indiana. Accordingly, the commission was correct in finding that the last act necessary to complete the employee's contract of hire took place in Indiana.

Under the Rhode Island Workers' Compensation Act the relationship of employer and employee is contractual. *Grinnell v. Wilkinson*, 39 R.I. 447, 462–63, 98 A. 103, 108 (1916). Therefore, since the

contract was not made in Rhode Island, we agree with the Workers' Compensation Commission that it lacked jurisdiction. *See Silva v. James Ursini Co.*, ⸺ R.I. ⸺, 475 A.2d 205 (1984).

The appeal is denied and dismissed, the decree appealed from is affirmed, and the papers in the case are remanded to the Workers' Compensation Commission.

WEISBERGER, J., did not participate.

---

1. Because our resolution of this issue is dispositive, we need not address the other issues raised