Gerardo **SALAZAR**

v.

**MACHINE WORKS, INC.**

No. 94–584–M.P.

Supreme Court of Rhode Island.

Oct. 11, 1995.

Michael E. Scott, Rappoport, DeGiovanni & Caslowitz, Stephen Rapporport, Providence, for Plaintiff.

Christine D'Orsi, Earl Metcalf, Gallagher & Gallagher, Providence, for Defendant.

**OPINION**

PER CURIAM.

This case came before the Supreme Court for oral argument on September 12, 1995, pursuant to an order that directed the parties to show cause why the issues raised by the plaintiff, Gerardo Salazar, in his petition for certiorari should not be summarily decided.

After reviewing the memoranda submitted by the parties and after consideration of the arguments of counsel, this court concludes that cause has not been shown. Therefore, the case will be decided at this time.

■ At issue in this workers' compensation case is an unpaid hospital bill incurred in December 1985, related to plaintiff's injury on June 19, 1985. In November 1991, plaintiff filed a petition to review, seeking payment of the bill. Machine Works, Inc., defendant-employer, moved to dismiss the petition, on the basis that the bill was filed more than three years after the charges had been incurred. The defendant argued that on June 19, 1985, the date of plaintiff's injury, the relevant statute, G.L.1956 (1979 Reenactment) § 28–35–57, as amended by P.L.1982, ch. 32, art. 1, § 10, required that a petition for recovery be brought within three years after the injury. The plaintiff, however, contended that the petition for payment of the

hospital bill was governed by § 28–35–45 that was amended in 1990 by P.L.1990, ch. 332, art. 1, § 5 to permit review within ten years "regarding any other obligation established under chapters 29–38, inclusive, of this title." The plaintiff contended that this procedural change was made retroactive by P.L. 1990, ch. 332, art. 1, § 16.

The Workers' Compensation Court trial judge held that the three-year limit applied. The Workers' Compensation Appellate Division concurred and held further that § 28–35–45, as amended in 1990, could not apply retroactively to an injury sustained prior to the amendment.

This court in *State v. Healy*, 122 R.I. 602, 608, 410 A.2d 432, 435 (1980), explicitly pointed out:

> "We have repeatedly held that an employee's right to compensation must be determined according to the Workers' Compensation statutes existing at the time of the injury. *Parkinson v. Leesona Corp.*, 115 R.I. 120, 126, 341 A.2d 33, 37 (1975); *Romano v. B.B. Greenberg Co.*, *supra*, at 136, 273 A.2d at 317 (1971)."

In adhering to this rule, the Appellate Division explained that a review of § 28–35–45, as it existed at the time of plaintiff's injury in 1985, revealed that the issue in the instant case did not involve the incapacity benefits or the average weekly benefits referred to in the statute.

In respect to the retroactive applicability of the 1990 amendment, this court has noted that the Workers' Compensation Act created a liability and provided a remedy unknown at common law, and in such circumstances "time limitations set out in a statute that relate to the liability established therein are not merely limitations on a resort to the remedy provided therein. Such limitations are in the nature of conditions precedent and compliance therewith is essential to obtain the benefits of the liability created therein." *Brothers v. James S. Cassedy, Inc.*, 101 R.I. 307, 309, 222 A.2d 363, 364 (1966).

We have further pointed out in *Emmett v. Town of Coventry*, 478 A.2d 571, 572 (R.I. 1984)—referring to the holding of *Ochoa v. Union Camp Corp.*, 120 R.I. 898, 906, 391 A.2d 123, 128 (1978)—that the time limitations provided in workers' compensation cases differ from technical statutes of limitations in that the time limitation for actions at common law "relate solely to the remedy rather than to the substantive right" whereas "the workers' compensation statute is treated as a statute of repose in which '[t]he limitation is an express condition of the right to compensation and is intended to bar the claim or right to compensation unless its provisions are complied with.' *Id.* at 906, 391 A.2d at 128." *Emmett*, 478 A.2d at 572.

█ In other words, a "statute of limitations" bars a right of action unless the action is filed within a specified period after an injury occurs whereas a "statute of repose" terminates any right of action after a specific time has elapsed irrespective of whether there has as yet been an injury. *Hanson v. Williams County*, 389 N.W.2d 319, 321 (N.D. 1986).

█ Although procedural statutes that do not affect substantive rights can often be applied retrospectively if the Legislature so intends, statutes such as those applicable in the instant case, affecting substantive rights, cannot be so applied. *Emmett*, 478 A.2d at 572–73.

Therefore, we deny the petition for certiorari and quash the writ previously issued. We affirm the final decree and judgment of the Appellate Division and return the papers in the case to the Workers' Compensation Court.