April 10, 2024

**Supreme Court**

No. 2022-331-Appeal.
(KC 21-798)

PennyMac Loan Services, LLC           :

v.                                    :

Roosevelt Associates, RIGP, et al.    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

PennyMac Loan Services, LLC      :

v.                                            :

Roosevelt Associates, RIGP, et al.      :

Present: Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

**O P I N I O N**

**Justice Long, for the Court.** The plaintiff, PennyMac Loan Services, LLC (plaintiff), appeals from a Superior Court decision granting summary judgment in favor of the defendants Coventry Fire District; Roosevelt Associates, RIGP (Roosevelt); Linda Murray, Only in Her Capacity as Partner of Roosevelt Associates, RIGP; Coventry Fire District 5-19, RIGP; Douglas Smith, Only in His Capacity as Partner of Coventry Fire District 5-19, RIGP; Clarke Road Associates, RIGP; Title Investment Co., RIGP; and Stephen Smith, Only in His Capacity as Partner of Clarke Road Associates, RIGP and Title Investment Co., RIGP; (collectively, defendants), in the plaintiff's action to challenge (1) the adequacy of notice of a prior petition to foreclose the right of redemption from a title conveyed

- 1 -

by a tax collector's deed pursuant to G.L. 1956 § 44-9-24;[1] and (2) the prior tax sale,

as well as subsequent conveyances of property previously owned by the plaintiff, as

voidable transfers pursuant to G.L. 1956 chapter 16 of title 6, the Uniform Voidable

Transactions Act (the act).[2]

---

[1] General Laws 1956 § 44-9-24 provides the following:

> "The title conveyed by a tax collector's deed shall be absolute after foreclosure of the right of redemption by decree of the superior court as provided in this chapter. Notwithstanding the rules of civil procedure or the provisions of chapter 21 of title 9, no decree shall be vacated except in a separate action instituted within six (6) months following entry of the decree and in no event for any reason, later than six (6) months following the entry of decree. Furthermore, the action to vacate shall only be instituted for inadequacy of notice of the petition amounting to a denial of due process or for the invalidity of the tax sale because the taxes for which the property was sold had been paid or were not due and owing because the property was exempt from the payment of such taxes. The superior court shall have exclusive jurisdiction of the foreclosure of all rights of redemption from titles conveyed by a tax collector's deed, and the foreclosure proceedings shall follow the course of equity in a proceeding provided for in §§ 44-9-25 – 44-9-33."

[2] The plaintiff's amended complaint sought declaratory and injunctive relief in an effort to vacate the foreclosure decree for the following reasons: (1) Roosevelt lacked the capacity to file a foreclosure petition based on its status as a general partnership; (2) the foreclosure citation failed to provide plaintiff with adequate notice and this failure denied plaintiff of its right to procedural due process; and (3) the tax sale and later conveyances of the subject property constituted fraudulent behavior pursuant to the act. The plaintiff has abandoned its first theory of relief on appeal.

This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that we may decide this appeal without further briefing or argument. For the reasons set forth in this opinion, we affirm the amended judgment of the Superior Court.

**Facts and Procedural History**

The relevant facts in this matter are undisputed. The plaintiff held a mortgage interest in property located at 24 Clarke Road in Coventry, Rhode Island (property), pursuant to an assignment of mortgage dated July 9, 2015. The mortgagor, defendant Domenico Companatico (Mr. Companatico), executed the mortgage when he obtained title to the property in 2010. Unfortunately, however, Mr. Companatico failed to pay 2018 fire district taxes in the amount of $622.51; consequently, the Coventry Fire District conducted a tax sale auction on October 11, 2019, and conveyed a one hundred percent interest in the property to Roosevelt for the sum of $1,213.54, subject to a right of redemption under the Rhode Island General Laws.

---

Additionally, plaintiff referred to the "Uniform Fraudulent Transfer Act" in its Superior Court filings. In 2018 the General Assembly amended the name of this act to the Uniform Voidable Transactions Act. *See* P.L. 2018, ch. 141, § 1; P.L. 2018, ch. 236, § 1.

One year later, Roosevelt filed a petition to foreclose any right of redemption pursuant to § 44-9-25,[3] and the Superior Court clerk issued a citation notifying interested parties of the proceedings. The citation provided a metes and bounds description of the property, but did not include a street address for the property. The citation also specified that the property was located in Coventry, Rhode Island; provided the name and contact information of the attorney for Roosevelt; and warned that failure to file a written appearance and answer would lead to default and, ultimately, a permanent bar against any future attempt to challenge the petition or final decree foreclosing the right of redemption. Roosevelt served the citation via certified mail to plaintiff's business address and plaintiff certified receipt of the citation via signature.

The plaintiff nevertheless failed to respond and was defaulted. A justice of the Superior Court entered a final decree foreclosing the right of redemption on March 5, 2021, and Roosevelt thereafter sold the property to Coventry Fire District

---

[3] Section 44-9-25(a) provides, in relevant part, as follows:

> "After one year from a sale of land for taxes, * * * whoever then holds the acquired title may bring a petition in the superior court for the foreclosure of all rights of redemption under the title. The petition shall set forth a description of the land to which it applies, with its assessed valuation, the petitioner's source of title, giving a reference to the place, book, and page of record, and other facts as may be necessary for the information of the court."

5-19, RIGP, a general partnership[4] which subsequently conveyed the property to Clarke Road Associates, RIGP, for $166,500.

On September 3, 2021, plaintiff filed the instant action (1) to challenge the March 5, 2021 decree of the Superior Court on multiple grounds, including the adequacy of notice of Roosevelt's petition to foreclose all rights of redemption, pursuant to § 44-9-24; and (2) to seek to void the tax sale and subsequent conveyances of the property pursuant to the act. The parties filed cross-motions for summary judgment, and in a written decision dated July 21, 2022, a second trial justice concluded that plaintiff had received adequate notice of the petition to foreclose all rights of redemption; that the fire district taxes constituted a superior lien on the property and that plaintiff is statutorily barred from asserting a violation of the act; and that defendants were otherwise entitled to judgment as a matter of law.

Following the entry of final judgment, plaintiff filed a timely notice of appeal to this Court.[5]

---

[4] While this general partnership shares its name with the Coventry Fire District, it has no apparent municipal affiliation.

[5] On April 25, 2023, this Court remanded the case for entry of an amended judgment as to all parties. The Superior Court then entered an amended judgment against plaintiff and Mr. Companatico and in favor of the remaining defendants.

**Standard of Review**

We review a trial justice's decision to grant summary judgment *de novo*. *Newport and New Road, LLC v. Hazard*, 296 A.3d 92, 94 (R.I. 2023). Moreover, this Court employs a *de novo* standard of review when evaluating a trial justice's denial of a litigant's request to vacate a final decree foreclosing a right of redemption in a subject property. *Izzo v. Victor Realty*, 132 A.3d 680, 685 (R.I. 2016).

**Discussion**

The plaintiff raises three issues on appeal. First, plaintiff asks the Court to consider whether the failure of a citation to reference the street address of a property subject to a petition to foreclose the right of redemption violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Second, plaintiff asks the Court to consider whether a tax sale of property without the exchange of reasonably equivalent value violates the act as an involuntary transfer from an insolvent party. Finally, plaintiff argues that the decision of the trial justice conflicts with the recently issued opinion of the United States Supreme Court in *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023).

For the reasons set forth in the following analyses, under none of these issues does plaintiff prevail.

## A. Due Process

At a minimum, due process requires that a litigant provide notice that is reasonably calculated, when considering all circumstances, to inform interested parties about a pending legal proceeding while also providing an opportunity for them to raise any objections to that proceeding. *See Izzo*, 132 A.3d at 688. Further, due process is both flexible and pragmatic. *See Chongris v. Board of Appeals of Town of Andover*, 811 F.2d 36, 41 (1st Cir. 1987). It does not require parties to engage in overly formalistic or hypertechnical communications with one another in an effort to avoid violating the Fourteenth Amendment. *Id.* ("Substance governs over form. So long as a 'T' is clearly portrayed as a 'T,' the Constitution does not mandate that it be crossed in some mythic fashion."). When evaluating a challenge to the adequacy of notice in a proceeding to foreclose the right of redemption, courts assess "the efforts undertaken by the foreclosing party to determine whether those efforts are intended to actually inform the recipient about the pending matter." *Suncar v. Jordan Realty*, 276 A.3d 1274, 1279-80 (R.I. 2022) (Long, J., concurring) (citing *Jones v. Flowers*, 547 U.S. 220, 238 (2006)).

Section 44-9-27 lists the notice requirements for petitions to foreclose all rights of redemption from titles conveyed by tax-collector deed and mandates that the citation include: (1) the name of the petitioner; (2) the names of all known respondents; (3) a description of the land; and (4) a statement of the nature of the

petition. *See* § 44-9-27(b). Moreover, this provision requires that the citation set forth a time when an interested party may enter an appearance while also informing an interested party that, unless that party appears within the fixed time frame, the court will record a default and that party's right of redemption will be forever barred.[6] *Id.*

Upon receipt of a citation, an interested party may contest the validity of a tax title pursuant to § 44-9-31:

> "If a person claiming an interest desires to raise any question concerning the validity of a tax title, the person shall do so by answer filed in the proceeding on or before the return day, or within that further time as may on motion be allowed by the court, providing the motion is made prior to the fixed return date, *or else be forever barred from contesting or raising the question in any other proceeding.* He or she shall also file specifications setting forth the matters upon which he or she relies to defeat the title; *and unless the specifications are filed, all questions of the validity or invalidity of the title, whether in the form of the deed or proceedings relating to the sale, shall be deemed to have been waived.* Upon the filing of the specifications, the court shall hear the parties and shall enter a decree in conformity with the law on the facts found." (Emphasis added.)

This provision, similar to § 44-9-27(b), underscores the finality of the proceedings after an interested party has an opportunity to be heard.

---

[6] Section 44-9-46 provides a model form for this notice procedure but provides no particulars regarding the description of the land. *See* § 44-9-46.

After examining the undisputed facts in the record, we are satisfied that the failure of the citation to reference the street address of the subject property did not constitute a denial of due process in the circumstances of this case. The citation contained each of the requisite components mandated by § 44-9-27(b), as well as the name and address of the attorney for Roosevelt, the fact that the property was located in Coventry, Rhode Island, a return date for objections, and the location of the proceeding. Moreover, plaintiff acknowledges having received, through certified mail, a citation that contained an accurate metes and bounds description of the property; the property's correct street name, town, and state; and the correct plat and lot number for the property.

Notwithstanding this acknowledgment, plaintiff asserts that it could not have received meaningful notice in this matter because: (1) a layperson could not have deciphered the "archaic directional coordinates" of a metes and bounds description that omits a street address; (2) plaintiff's status as a California-based entity with an interest in thousands of different properties hindered it from ascertaining whether to respond; and (3) Roosevelt intended to obscure the property's location because several other documents describing the land provided a street address.

Although the metes and bounds description created some amount of confusion for plaintiff upon receipt of the citation, we cannot conclude that it failed to provide meaningful notice of the then-pending proceedings. The plaintiff—a sophisticated

and publicly traded mortgage company—clearly did not immediately ascertain the property's location from the citation, but it also did not contact the attorney listed on the citation to seek clarification. In fact, plaintiff's status as an entity that owns thousands of properties throughout the country undercuts its assertion that it could not readily ascertain the location of the subject property from a metes and bounds description. Upon receipt of the citation, plaintiff undoubtedly could have sought further information, rather than failing to respond to the citation or to appear at the foreclosure proceeding. This Court therefore declines the invitation to speculate on Roosevelt's motives for omitting the street address when drafting the language included in the citation. The means employed—providing a metes and bounds description, including the correct street name and town, as well as contact information for the attorney for Roosevelt—were such that plaintiff could and should have investigated the pending matter further. *See Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) ("The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected, * * * or, where conditions do not reasonably permit such notice, that the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.").

Therefore, although the citation lacked a street address for the property at issue in the petition to foreclose the right of redemption, the omission does not amount to a due-process violation under the circumstances of this case. *See Murray v. Schillace*, 658 A.2d 512, 514 (R.I. 1995) (concluding that a litigant received adequate notice, despite a typographical error, based on the fact that a failure to respond to that notice could result in the deprivation of property and the party could have overcome the defect with ordinary diligence). The language of the citation was reasonably calculated, when considering all circumstances, to inform plaintiff about the pending petition to foreclose all rights of redemption from the title conveyed by the tax collector's deed to the property, while also providing an opportunity for plaintiff to contest the validity of the tax title. *Mullane*, 339 U.S. at 314.

We conclude that plaintiff has failed to demonstrate that the failure of the citation to reference the street address of the property at issue in the petition to foreclose the right of redemption violated due process under the circumstances of this case. The plaintiff's challenge pursuant to § 44-9-24 fails and, in accordance with § 44-9-31, plaintiff is barred from contesting the validity of the March 5, 2021 decree of the Superior Court.

### B. Uniform Voidable Transactions Act

The plaintiff urges this Court to reverse the Superior Court judgment in favor of defendants because, plaintiff asserts, the October 11, 2019 tax sale must be voided

as a fraudulent transfer pursuant to the act. However, our conclusion that plaintiff failed to demonstrate inadequacy of notice of the petition to foreclose the right of redemption prevents this Court from reviewing any claim of error regarding the prior tax sale.

As was previously discussed, § 44-9-31 requires an objecting party to raise all objections at the foreclosure proceeding; if the objecting party fails to do so, "all questions of the validity or invalidity of the title, whether in the form of the deed or proceedings relating to the sale, shall be deemed to have been waived." Section 44-9-31. Based on plaintiff's failure to raise any objection during the foreclosure proceeding, any claim of error regarding the prior tax sale is deemed to have been waived.[7] *See id*.

### C. *Tyler v. Hennepin County, Minnesota*, 598 U.S. 631 (2023)

In plaintiff's supplemental Rule 12A statement, filed on June 9, 2023, it argues that the Supreme Court's May 2023 decision in *Tyler v. Hennepin County,*

---

[7] During oral argument, plaintiff's counsel suggested that we should allow its claim under the act to proceed because plaintiff initiated that action within the act's statute of limitations; doing so, counsel argued, would constitute a harmonious reading of the act and § 44-9-31's prohibition on raising additional claims. However, § 44-9-31's prohibition on additional claims after the foreclosure period ends is analogous to a statute of repose that bars all subsequent claims, regardless of their compliance with any applicable statute of limitations. *See Salazar v. Machine Works, Inc.*, 665 A.2d 567, 568 (R.I. 1995) ("In other words, 'a statute of limitations' bars a right of action unless the action is filed within a specified period after an injury occurs whereas a 'statute of repose' terminates any right of action after a specific time has elapsed irrespective of whether there has as yet been an injury.").

*Minnesota*, 598 U.S. 631 (2023), alters the outcome of this case. Although parties may not ordinarily raise on appeal issues not argued before the trial justice, we recognize a narrow exception when the alleged error is more than harmless and implicates an issue of constitutional dimension derived from a new rule of law that a party could not expect to know at the time of trial. *See Decathlon Investments v. Medeiros*, 252 A.3d 268, 270 (R.I. 2021).

However, even were this Court to assume that plaintiff's argument falls within this narrow exception to the raise-or-waive rule, *Tyler* does not control the outcome of this case. The majority in *Tyler* held that the government possessed the authority to sell the plaintiff-homeowner's property to recover unpaid taxes, but that it could not retain the excess value in the home without violating the Takings Clause of the Fifth Amendment. *Tyler*, 598 U.S. at 638-39. The record before this Court reveals that the town of Coventry sold the subject property exclusively for unpaid taxes and fees in the amount of $1,213.54 and did not retain any excess value in the property. As a result, the Supreme Court's holding in *Tyler v. Hennepin County, Minnesota*, fails to alter the outcome of this matter.

Therefore, we conclude that the plaintiff failed to demonstrate that the citation provided inadequate notice of the foreclosure proceedings in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and that the citation contained the components required to inform the plaintiff of its

obligations should it have wished to contest the validity of the tax title. Accordingly, we determine that no genuine issues of material fact are in dispute and that Roosevelt is entitled to judgment as a matter of law.

## Conclusion

Based on the foregoing, we affirm the amended judgment of the Superior Court and remand the record in this case.

# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903



## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | PennyMac Loan Services, LLC v. Roosevelt Associates, RIGP, et al. |
| **Case Number** | No. 2022-331-Appeal.<br>(KC 21-798) |
| **Date Opinion Filed** | April 10, 2024 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Melissa A. Long |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian Van Couyghen |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Carl E. Fumarola, Esq. |
| | For Defendants:<br><br>Arthur M. Read, II, Esq.<br>Douglas H. Smith, Esq. |